705 So.2d 776 (1997)
STATE of Louisiana in the Interest of Wade JOSEPH, Sr.
No. 97-CA-0780.
Court of Appeal of Louisiana, Fourth Circuit.
December 23, 1997.
*777 Harry F. Connick, District Attorney of Orleans Parish, Elizabeth P. Duffy, Asst. District Attorney of Orleans Parish, New Orleans, for Plaintiff.
Melvin N. Cade, New Orleans, for Defendant.
Before PLOTKIN, JONES and CIACCIO, JJ.
JONES, Judge.
The State of Louisiana appeals a trial court judgment dismissing its Rule to Increase Support filed against the Defendant, Wade Joseph. The State of Louisiana initiated the action for an increase in child support on July 19, 1996. On March 11, 1997, the Rule to Increase came on for trial, and was denied.

FACTS
Complainant Terri Joseph is the former spouse of the Defendant, Wade Joseph. They are the parents of three children whose ages were three (3), eight (8), and thirteen (13) at the time of the hearing which forms the basis of this appeal. On March 10, 1994, the trial court initially issued a temporary child support order of $288.00 per month against Mr. Joseph. On that date the case was reset to verify the cost of health insurance and set a permanent order. On May 23, 1994, the court issued a permanent child support order requiring Mr. Joseph to pay $425.00 per month in child support.
On July 30, 1996, the State filed a Rule to Increase Support based on a change in circumstances. First, the State claimed that as the children grew older their expenses increased. Next, the State alleged that Mr. Joseph's income was substantially higher than originally determined. The hearing officer who initially heard the rule to increase ordered that Mr. Joseph's child support obligation be increased to $351.00 semi-monthly. Mr. Joseph appealed the order to the trial court.
*778 On March 11, 1997, the appeal came before the trial court. Before any testimony was taken the court verified who would be called as witnesses and the order in which they would be called. The court instructed the State to question the complainant, Ms. Joseph and cross examine the Defendant, Mr. Joseph. Additionally, the court instructed the defense counsel that his witness would be his client, Mr. Joseph, and he would be entitled to cross examine Ms. Joseph.
The only evidence submitted by the State was the testimony of Ms. Joseph with supporting documentation showing her salary. The record indicates that from the initial order until the appeal to the trial court Ms. Joseph's salary increased from $18,800.80 to $21,538.00. The record also indicates that the amount Ms. Joseph pays for health insurance covering herself and the three children increased from $88.66 bi-monthly to $115.44 bi-monthly. The only other facts established by the State to show a change in the circumstances of Ms. Joseph and the children was evidence that the child care costs for the three (3) year old decreased from $65.00 per month to $55.00 per month.
Terri Joseph was cross examined by the defense and subjected to further questioning by the State. After completing its questioning of Ms. Joseph the State rested. Contrary to the order of testimony earlier established by the trial court the Defendant moved for a directed verdict claiming that the State had failed to establish a material change in circumstances entitling Terri Joseph to an increase in child support. In response to questions raised by the State, the trial court noted that Mr. Joseph should have been called as a witness by the State. The directed verdict was granted and the State's case was dismissed.

DISCUSSION
In its appeal the State argues several issues, all of which maintain that the trial court abused its discretion in granting the directed verdict, dismissing the State's Rule to Increase. We agree.
LSA-R.S. 9:315 et seq. is the statute which governs basic child support obligations. The statutory guidelines are to be used to establish and modify child support payments. See LSA-R.S. 9:315.1(A). In calculating the basic child support obligation, both parties are required to provide the court with verified income statements showing both gross and adjusted gross income. Both parties are to provide documentation of current and past earnings and a copy of their most recent federal income tax return. LSA-R.S. 9:315.2(A).
The Defendant argues that LSA-R.S. 9:311 governs the reduction or increase of a child support obligation. The article provides that a child support obligation shall not be reduced unless the party seeking modification shows that one of the parties circumstances has changed since the order was issued. LSA-R.S. 9:311(A). Contrary to Defendant's argument, LSA-R.S. 9:311 is not the paramount article governing the modification of child support obligations because it fails to specifically outline the required procedural steps necessary to establish a child support order.
It is a well established principle that both the mother and father are obligated to support the children of the marriage. Furthermore, in all cases, child support is to be granted according to the needs of the party to which it is due and the circumstances of the party obligated to pay. Marcus v. Burnett, 282 So.2d 122 (La.1973); Rosenbloom v. Rosenbloom, 94-1762 (La.App. 4 Cir. 4/26/95), 654 So.2d 877, 879 writ denied 95-1320 (La.9/1/95), 658 So.2d 1266. Therefore, it follows that the trial court must adhere to the guidelines for child support outlined in LSA-R.S. 9:315 et seq., when establishing, increasing, or decreasing a child support order.
LSA-R.S. 9:315.2(A) mandates that the " [trial] court shall determine the basic child support obligation." LSA-R.S. 9:315.2(A). Child support, like child custody, will be established according to the best interest of the child. LSA-R.S. 9:315.1(B). The award must also be established in a manner equitable to the parties. LSA-R.S. 9:315.1(B). The trial court erred by not requiring that both the State and the Defendant submit the necessary income statements and other documentation *779 as mandated by LSA-R.S. 9:315.2(A).
Clearly, the language of the governing statutes indicates that the legislature did not intend for child support obligations to be arbitrarily established or modified by the parties. Instead it is the trial court's responsibility to calculate the basic child support obligation. LSA-R.S. 9:315.2(D). In establishing or modifying a basic child support obligation it is incumbent upon the trial court to examine the income and financial status of both parties. In order to do so the trial court must examine the income statements of both parties.
The trial court in this matter failed to do so. The Defendant argues that the State failed to prove a change in circumstances as required by LSA-R.S. 9:311(A). The Defendant's argument suggests that LSA-R.S. 9:311(A) can be unilaterally applied by a party seeking an increase in child support to show a change in circumstances. This argument is without merit. In many instances the party seeking an increase maintains that an increase in the defendant's income constitutes the necessary change in circumstances. This can only be proven by examining the income and financial status of the defendant as required by LSA-R.S. 9:315.2(A).
At the start of the trial the court correctly set out the order in which the witnesses would be heard, instructing counsel for the defense that the Defendant would be cross examined by the State. Given the quasi adversarial nature of child support hearings the trial court has discretion to establish the order of testimony. However, the order of testimony must be established in a manner affording the trial court an opportunity to examine the income and financial status of both parties. It appears that initially this was the intent of the trial court.
Despite the court's effort to establish the order of testimony, counsel for the defense managed to shield the Defendant's income and financial status from the court's scrutiny. This was achieved when the defense moved for a directed verdict and the court granted the Defendant's motion. The Louisiana Civil Code of Procedure provides that a party may move for a directed verdict at close of the evidence offered by the opposing party. LSA-C.C.P. Art. 1810. This Court has held that the propriety of a directed verdict must be evaluated in light of the substantive law applicable to the matter being adjudicated. Cross v. Cutter Biological, Div. of Miles Inc., 94-1477 (La.App. 4 Cir. 5/29/96), 676 So.2d 131.
The substantive law applicable to proceedings to establish or modify a child support obligation requires the trial court to scrutinize the income of both parties. LSA-R.S. 9:311(A) requires the party seeking an increase in a child support obligation to show a change in circumstances. LSA-R.S. 9:315.2 outlines the formula which determines the amount of the increase. Inherent in the process of calculating child support is the principle of equity which requires the court to examine the financial status of both parties. Therefore, the statutes must be applied in pari materia.
The trial court erred when it granted a directed verdict in favor of the Defendant, thereby failing to examine the income and financial status of the Defendant.
For the foregoing reasons the trial court's judgment granting the Defendant's motion for directed verdict is reversed and the case is remanded to the trial court for further proceedings on the Rule to Increase consistent with this opinion.
REVERSED AND REMANDED.
PLOTKIN, J., dissents with written reasons.
PLOTKIN, Judge, dissenting with written reasons:
The trial court's involuntary dismissal of the State's case was not improper under the circumstances of this case.
At the trial, the only evidence submitted by the State was the testimony of the complainant, Terri Joseph, with supporting documentation showing her salary at the time the permanent order was entered and at the time of the trial. The record indicates that Ms. Joseph's salary had increased from $18,800.80 to $21,538 during that two-year period *780 of time. The evidence also indicates that the amount Ms. Joseph pays for health insurance covering herself and the three children increased from $88.66 twice a month to $115.44 twice a month. The only other change in the circumstances of Ms. Joseph and the children was evidence that the child care costs for the 3-year-old decreased from $65 per month to $55 per month. The State rested its case without calling Mr. Joseph to the stand.
When the State rested, Mr. Joseph's attorney made an oral motion for directed verdict, which was granted by the trial court. In response to questioning by the assistant district attorney, the trial court noted that Mr. Joseph should have been called to the stand as an essential part of the State's case. The trial court found that the State failed to carry its burden of persuasion to prove a change in circumstances to justify an increase in child support. The trial court stated as follows:
[T]he only change that you have shown so far is that your client received more money in 1996 than she received in 1994; and you also showed that she is paying a little bit more for health insurance and a little bit less for day care; that is not significant enough change for me to grant any increase.
The State appeals, claiming that the trial court abused its discretion in the following respects: (1) ordering the procedure for calling of witnesses and then failing to follow that procedure; (2) failing to inquire into the defendant's income pursuant to the mandate of LSA-R.S. 9:315 et seq.; (3) requiring that the State show a change in circumstances for the rule to increase child support; (4) disregarding evidence already a part of the record for the State's Rule to Increase Child Support; and (5) granting a motion for directed verdict. For the reasons which follow, I would find no merit in any of the State's claims.
First, the State claims that during the pre-trial conference, the trial court ordered a procedure for calling witnesses which it then improperly failed to follow at trial. The State claims that counsel for both sides were informed during the pretrial conference that the State should call Ms. Joseph on direct and that the defense should cross; then the defendant should call Mr. Joseph and the State should cross. The State claims that counsel agreed with this procedure, and that the record reflects the order and the agreement. The majority accepts this argument and finds that the trial judge violated its own established order of testimony.
However, the record contains no evidence of an established order of testimony. At the beginning of the trial, the judge stated his "understanding" that the State would call Ms. Joseph and "also cross-examine the defendant, Wade Joseph." Moments later, the trial court reiterated his "understanding" that the Ms. Joseph would be the State's witness "and, of course, you will cross examine." Trial transcript, page 6. At the end of the trial, the following exchange occurred:
MR. CADE:
Your Honor, at this time I would like to move for directed verdict based on the fact that the State has not shown a material change in circumstances entitling the complainant to an increase in child support.
THE COURT:
Granted.
MS. DUFFY:
You should have called Mr. Joseph.
MS. DUFFY:
I showed a change in circumstances. You don't think I showed a change in circumstances?
...
MS. DUFFY:
And he comes before the Court and says he is going to call his client as a witness; and when I rest, then he is not going to do it.
THE COURT:
Miss Duffy, you have been handling cases.
MS. DUFFY:
Yes, I have been handling cases; and I have been handling cases when lawyers make representations to the Court. I clearly had the opportunity to call him and I could have called him, but because he said he was going to call him, I was giving him the opportunity to call his client first.
THE COURT:
*781 But you have to prove your case. He is the defendant You have to prove your case.
MS. DUFFY:
And I feel that I did prove that there was a change in circumstances, enough that the Court should consider whether or not his income warranted an increase; that's a second step in an increase, Your Honor.
THE COURT:
And it is the ruling of the Court that it is so insignificant that it amounts to nothing and I grant this motion.
MS. DUFFY:
Note my objection.
THE COURT:
I note your objection.
The above colloquy indicates that the State's primary argument at trial was that it had properly carried its burden of proof, not that the trial court had improperly violated an order of presentation of witnesses, as it argues on appeal. Although the district attorney did refer to defense counsel's statement that he intended to call his client as a witness, she never indicated that the trial judge had imposed any particular "order" for presenting witnesses. The evidence in the record is insufficient to prove that the trial court directed that the State not call Mr. Joseph but allow defense counsel to do so. Under the rule established by the majority in this case, the defendant would have been required to establish important elements of the plaintiff's case.
Moreover, the record does not support the State's argument that it was mislead by the court's statements concerning his "understanding" of the intent of the parties concerning the calling and questioning of witnesses. There is no record evidence that the trial court abused its discretion by not requiring defense counsel to call Mr. Joseph to the stand.
Second, the State claims that LSA-R.S. 9:315.1 requires that the trial court to "determine the basic child support obligation amount from the schedule in R.S. 9:315.14." This requirement, the State claims, mandates that "the court, not the State or defense to, [sic] inquire into the income of both parties when a request for modification is before the court." The majority accepted this argument and would impose a requirement that the trial court consider certain items of evidence in making a decision concerning the modification of a child support award, even if one of the parties fails to offer evidence to prove important elements of his burden of proof.
I disagree with the majority's interpretation of the statute. Nothing in LSA-R.S. 9:315.1 requires the trial judge to elicit testimony not offered by the parties. The State, as movant in the Rule to Increase, had the burden of persuasion on the issue. The trial court had no responsibility to assist the State in proving its case. The majority decision imposes a new procedural requirement, contrary to the basic rule requiring plaintiffs to establish the elements of the burden of proof before the defendant ever has any responsibility to present evidence, on the court.
Third, the State claims that the trial court improperly required it to prove a change in circumstances prior to ordering an increase in child support. In support of this argument, the State references language in LSA-R.S. 9:311(C), which provides for a presumption that "a change of circumstances exists when strict application of the guidelines would result in at least a twenty-five percent change in the existing child support award." The majority decision does not address this issue. However, the record evidence is insufficient to prove that strict application of the child support guidelines would have resulted in a 25 percent increase in Mr. Joseph's child support obligation. The presumption arises only when the record evidence is sufficient to prove the underlying fact.
Fourth, the State claims that the trial court should have considered record evidence presented at the "numerous hearings" on the child support issue in determining Mr. Joseph's salary. Again, the majority implicitly pretermits this issue. However, under the provisions of LSA-R.S. 46:236.5, a defendant who disagrees with a hearing officer's findings on the issue of support is "entitled to a de novo review of the findings of the hearing officer by a court of competent jurisdiction." Moreover, the record evidence is insufficient to prove Mr. Joseph's earnings at the time the Rule to Increase was filed on July 30, *782 1996. The only evidence of Mr. Joseph's earnings are 1993 W-2 forms and a 1994 tax return form, which are insufficient to meet the State's burden of proof at trial.
Finally, the State contests the trial court's granting of a directed verdict in a bench trial, claiming that directed verdicts are appropriate only when a case is being tried to a jury. Technically, the State's argument is correct; the proper motion would have been a motion for involuntary dismissal. However, the State has failed to provide any authority for its implied argument that the trial court's decision should be reversed on the basis of this technical error. In fact, the standard for granting an involuntary dismissal in the defendant's favor is much lower than the standard for granting a directed verdict, as the trial court is required to consider the evidence in the light most favorable to the plaintiff when deciding a motion for directed verdict, while it is required to evaluate the evidence without applying any special inferences in favor of either party in a motion for involuntary dismissal. See Barnes v. Thames, 578 So.2d 1155 (La.App. 1st Cir. 1991).
I would affirm the trial court's finding that the State failed to carry its burden of persuasion sufficient to support dismissal of the State's rule, whether on a directed verdict or involuntary dismissal. I respectfully dissent from the majority opinion reversing the judgment.