11McKAY, Judge.
This is an appeal from an award of child support and alimony pendente lite. We affirm in part, reverse in part and remand.
FACTS
Mark Westcott and Catherine Reine West-cott were married on March 24, 1979 and they established their matrimonial domicile in St. Bernard Parish. Two children were born of the marriage. On November 27, 1997, Mr. Westcott abandoned his wife and children to live with another woman. The parties did not reconcile and were divorced on August 7,1998.
On February 20 and 27, 1998, a hearing was held regarding use and possession of the family home, alimony, custody of the couple’s younger child and child support. On March 18,1998, Mrs. Westcott was awarded the use and possession of the family home and a 1993 Lexus automobile. She was also awarded custody of the minor child subject to the reasonable visitation rights of Mr. Westcott.[1] Mr. Westcott was ordered to pay $400.00 per month in childj^support and to obtain health insurance for his minor child. Mr. Westcott was also ordered to pay $600.00 per month in alimony pendente lite.
ASSIGNMENTS OF ERROR
In this appeal, Mr. Westcott raises three assignments of error: 1) the trial court erred in failing to credit the cost of health insurance premiums in computing child support; 2) the trial court erred in failing to consider the fair market rental value of the community home in awarding alimony pendente lite; and 3) the trial court erred in determining a spouse’s disposable earnings for purposes of awarding not more than one-third of the net income for alimony pendente lite.
HEALTH INSURANCE CREDIT
Mr. Westcott contends that the trial court erred in ordering him to pay $400.00 per month in child support in addition to having to maintain a policy of health insurance covering his minor child. In its reasons for judgment, the trial court specifically mentions that it based the $400.00 per month child support award on the statutory child support guidelines. Mr. Westcott contends that he should be given a credit against the $400.00 per month sum for whatever the health insurance premiums cost.
According to La. R.S. 9:315.4:
In any child support case, the court may order one of the parties to enroll or maintain an insurable child in a health benefits plan, policy, or program. In determining which party should be required to enroll the child or to maintain such insurance on behalf of the child, the court shall consider each party’s individual, group, or employee’s health insurance program, employment history, and personal income and other resources. The cost of health insurance premiums incurred on behalf of the child shall be added to the basic child support obligation.
*759 IsWhen determining child support awards, Louisiana courts have interpreted this statute to provide a credit for health insurance premiums paid on behalf of a minor child. The Third Circuit has held that when insurance is being provided by a parent ordered to pay support, credit must be given in the amount of the premium. McDaniel v. McDaniel, 95-1314 (La.App. 3 Cir. 3/6/96), 670 So.2d 767, rehearing denied. Likewise, in Norred v. Norred, 591 So.2d 396 (La.App. 2 Cir.1991), writ denied, 592 So.2d 1319, the Second Circuit held that a father was entitled to credit on child support for the cost of health insurance premiums incurred on behalf of his children.
Additionally, La. R.S. 9:315.8(D), in pertinent part, provides that “[t]he party without legal custody or the nondomiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party, minus any court-ordered direct payments made on behalf of the child for..., health insurance premiums,...” In the instant case, the trial court specifically mentions that it relied on the statutory support guidelines when it determined the $400.00 a month child support payment. However, the trial court failed to credit Mr. Westcott with the amount paid to procure health insurance for his child and to determine what the premiums for this health insurance would be. This was manifest error. Therefore, we reverse this portion of the judgment and remand it to the trial court to determine what the health insurance premiums will run and adjust the monthly child support payments accordingly.
FAIR MARKET RENTAL VALUE
Mr. Westcott also contends the trial court erred when it failed to consider the fair market rental value of the community home in its determination of the award Lof alimony pendente lite. This argument is contrary to law. According to La. R.S. 9:374(C):
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental- for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Based on a clear reading of this statute, we must conclude the trial court did not err when it refused to consider the fair market rental value of the community home in making its award of alimony pendente lite.
CALCULATION OF INCOME
Finally, Mr. Westcott contends that the trial court erred when it failed to limit its award of alimony pendente lite to Mrs. West-cott to one-third of his disposable income. This argument is also contrary to law. Civil Code Article 112, on which Mr. Westcott’s argument is based, deals specifically with permanent alimony and not alimony penden-te lite. The one-third limitation does not apply to alimony pendente lite; the standards used in awarding alimony pendente lite are: need of the receiving party, the ability of the other party to pay, and the standard of living of the parties during the marriage. La. C.C. art. 113. Accordingly, the trial court did not err when it refused to limit the award of alimony pendente lite to one-third of Mr. Westeott’s disposable income.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court insofar as it applies to alimony pendente lite. However, the portion of the judgment dealing with child support payments and health insurance premiums is reversed Rand remanded back to the trial court for further determinations not inconsistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. These visitations were not to begin until after the child had undergone psychological counseling to help her relate to her father.