776 So.2d 536 (2000)
Barbara B. GLORIOSO
v.
Angelo GLORIOSO, III.
No. 99-CA-3222.
Court of Appeal of Louisiana, Fourth Circuit.
November 15, 2000.
Rehearing Denied January 31, 2001.
*537 Harry F. Connick, District Attorney Orleans, Elizabeth D. Chatelain, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Richard M. Ireland, Jr., Richard M. Ireland, Jr., A.P.L.C., Metairie, LA, Counsel for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY).
PLOTKIN, Judge.
This case requires us to interpret the standard and procedure for a reduction or increase of child support based on La. R.S. 9:311.
The trial court, at the request of the State of Louisiana, increased Angelo Glorioso's monthly child support from $216.00 plus health insurance to $242.00 plus health insurance, based on his alleged change of circumstances. Mr. Glorioso appeals, arguing that the modification was in violation of La. R.S. 9:311 and that the State failed to prove the amount and time of change of his circumstances.

FACTS AND PROCEDURAL HISTORY
By Consent Decree, dated May 1, 1996, defendant/appellant Angelo Glorioso's child support obligation was established at $216.00 per month, plus health insurance coverage, for the minor child. On March 24, 1997, the State of Louisiana filed a Rule to Show Cause for an increase in child support payments from defendant.
On September 10, 1997, the trial court conducted a hearing on the motion. At that hearing, the State requested that the appellant's child support payments be increased to $272.00 per month, plus health insurance coverage. The State based its claim on the appellant's monthly gross income of $1614.00 and the monthly imputed gross income of complainant, Barbara Brocato (Glorioso), which was $163.67.
Ms. Jeanette Ward, Assistant District Attorney of Orleans Parish District Attorney's Office, Child Support Division, testified that she had reviewed the files in this matter twice. Ms. Ward testified that Ms. Glorioso was not presently working. Ms. Ward calculated Ms. Glorioso's income from imputed income information from the Department of Labor, based on the second quarter of 1996 and the third quarter of 1997. Ms. Ward then averaged the figures during that six-month period to $163.67 per month.
Ms. Glorioso testified that she was not working because she was taking care of her dying mother on a full time basis. She further testified that she is physically capable of working, as she has in the past, at a supermarket. Ms. Glorioso stated that her son is not under five years of age.
Mr. Glorioso testified that the last time his child support obligation was computed was in May 1996. He stated that since that time, each month he has regularly paid $216.00, plus $60.67 for health insurance, *538 plus $84.00 towards arrears. Mr. Glorioso stated that since May 1996, he has never missed a child support payment, but on one occasion informed the District Attorney's Office that he would make the payment two days late.
Since May 1996, Mr. Glorioso has been with the same employer and has received an increase in pay to $9.50 per hour. Mr. Glorioso stated that he very rarely receives overtime pay. His monthly income is $1614.00.
At the conclusion of the hearing, the trial court orally stated that Ms. Glorioso was voluntarily unemployed. The court imputed income to her at minimum wage and awarded an increase in child support to $242.00 plus health insurance.
On February 24, 1999, the trial court rendered a written judgment increasing defendant's child support payments to $242.00 per month, plus continuation of the child's health insurance at $60.67 per month, effective retroactively to September 10, 1997. Defendant now appeals the trial court's judgment.

DISCUSSION
On appeal, Mr. Glorioso argues that the trial court erred in modifying his monthly child support obligation absent a change in circumstances. Appellant contends that the State did not meet its burden of proof under La. R.S. 9:311, specifically, the State did not prove: (1) that a change in circumstance "would result in at least a twenty-five percent change in the existing child support award," under La. R.S. 9:311(C); (2) the amount of change of income under La. R.S. 9:311(A); and (3) the time of change of income under La. R.S. 9:311(A). Mr. Glorioso argues that due to the State's failure to meet its burden, the judgment of the trial court should be reversed.
The relevant portions of La. R.S. 9:311 provide:
(A) An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
. . . .
(C) For purposes of this Section, in cases wherein the Department of Social Services is providing support enforcement services: (1) A change in circumstance exists when a strict application of the child support guidelines, Part I-A of this Chapter, would result in at least a twenty-five percent change in the existing child support award. A change in circumstance does not exist under this Paragraph if the amount of the award was the result of the court's deviating from the guidelines pursuant to R.S. 9:315.1 and there has not been a change in the circumstances which warranted the deviation.

AMOUNT AND TIME OF CHANGE IN CIRCUMSTANCE
Mr. Glorioso claims that there is not sufficient proof of a "substantial increase" and the time of the increase required to effect a change in circumstances under La. R.S. 9:311(A).
According to the State, the fact that Mr. Glorioso received a raise is sufficient to prove a change in circumstances. The State argues that a finding of a "substantial change" in circumstances is no longer required to increase a child support award. The State contends that the trial court should determine a change in circumstances on a case by case basis.
La. R.S. 9:311(A) provides:
An award of child support should not be modified unless the party seeking the modification shows a change of circumstances of one of the parties between the time of rendition of the previous award and the time of the motion for modification.
The Louisiana Supreme Court, in the case of Stogner v. Stogner, 98-3044 *539 (La.7/7/99), 739 So.2d 762, determined that "the Legislature has provided that the burden of proving a change in circumstances does not require proof of a substantial change ... In evaluation of these cases, there is no bright line rule as to what constitutes a change of circumstances to warrant modification." Id. at 769. Furthermore, the Court found that the determination of what constitutes a change in circumstances must be made by the trial court on a case by case basis. See id.
Here, the State proved that Mr. Glorioso received an increase in his salary of $3.00 per hour, since the prior determination of the child support award. Mr. Glorioso testified as to the amount of the raise.
The previous award of child support was made on May 1, 1996. The State filed its motion for modification of the award on March 24, 1997. In order to prove a change in circumstances under La. R.S. 9:311(A), the State must show that Mr. Glorioso received the increase in income between May 1, 1996 and March 24, 1997.
Mr. Glorioso's paycheck stub for the pay period ending April 20, 1996, states that Mr. Glorioso was working at Comp USA for $6.50 per hour, making bi-weekly gross pay of $617.86. Mr. Glorioso's paycheck stub for the pay period ending July 26, 1997, states that Mr. Glorioso was working at Comp USA for $9.50 per hour, making $768.19 per pay period. Clearly, Mr. Glorioso received an increase in pay sometime between April 20, 1996 and July 13, 1997[1]; however, the record is not clear as to the specific date when the increase occurred.
On his 1996 income tax return, Mr. Glorioso reported an annual gross income of $17,361.00. Mr. Glorioso's paycheck stub from the pay period ending April 20, 1996 states that Mr. Glorioso's year-to-date gross income was $4,784.86. Mr. Glorioso's paycheck stub for the pay period ending July 26, 1997 states that his year-to-date gross pay was $12,665.02. The 1997 pay check stub, issued three months later in the year compared to the 1996 pay check stub, indicates that Mr. Glorioso was earning a higher hourly wage for an extended period of time and prior to March 24, 1997.
We find no abuse of discretion by the trial court in finding a change in circumstance under La. R.S. 9:311(A), based on Mr. Glorioso's increase in salary.

25% CHANGE IN CIRCUMSTANCE
Appellant claims that the State failed to prove a 25% change in circumstances as required by La. R.S. 9:311(C). Mr. Glorioso contends that the State's calculations of child support were based upon a low amount of income for Ms. Glorioso, $163.67 per month, and a high percentage of the child support obligation for Mr. Glorioso. Appellant states that at the hearing, he established that Ms. Glorioso was voluntarily unemployed under La. R.S. 9:315.9. Appellant argues that once the minimum wage income was attributed to Ms. Glorioso under La. R.S. 9:315.9, that there was not a 25% increase in the child support award to prove a change in circumstance under La. R.S. 9:311(C).
The State concedes that by imputing minimum wage to Ms. Glorioso and by following a strict application of the guidelines, that there is not a 25% change in the child support award. However, the State argues that the trial court may still modify the award if it found another reason for the modification.
At the conclusion of the September 10, 1997 hearing, the following dialog took place:
THE COURT:
Okay. After hearing the testimony of the parties the Court does find that Mrs. Glorioso is voluntarily unemployed. I will impute income to her at minimum wage and award a child support in the amount of $242.00 and any insurance is *540 to be carried by Mr. Glorioso at $60.00 a month.
MS. JACOBS:
Thank you, Your Honor.
MR. IRELAND:
I would like to know whether or not the 25 percent change was prior to the award?
THE COURT:
No, sir.
Child support must be established according to the best interest of the child and in a manner equitable to the parties. See State In Interest of Joseph, 97-0780, p. 4 (La.App. 4 Cir. 12/23/97), 705 So.2d 776, 778; La. R.S. 9:315.1(B). "[T]he trial court must adhere to the guidelines for child support outlined in LSA-R.S. 9:315 et seq., when establishing, increasing, or decreasing a child support order." State In Interest of Joseph, 97-0780, p. 4 (La.App. 4 Cir. 12/23/97), 705 So.2d 776, 778. However, "[t]he court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties." La. R.S. 9:315.1(B).
The Louisiana Supreme Court in Guillot v. Munn, 99-2132 (La.3/24/00), 756 So.2d 290, stated:
Louisiana's guidelines utilize the income shares model to fix the appropriate level of child support. This approach is founded upon the tenet that a child should receive the same proportion of parental income that would have been obtained by the child if the parents had lived together.... While federal law mandates that the guidelines be presumptive the presumption is rebuttable when the circumstances presented render application of the guidelines "unjust or inappropriate." In such cases, a court may "deviate" from the guidelines. Deviations, however, must be limited so that the utility of the guidelines as a presumptive standard is not undermined.
Id. at p. 6-7; 756 So.2d at 295-296 (citations omitted).
According to La. R.S. 9:311(C)(1):
A change in circumstance exists when a strict application of the child support guidelines, Part I-A of this Chapter, would result in at least a twenty-five percent change in the existing child support award. A change in circumstance does not exist under this Paragraph if the amount of the award was the result of the court's deviating from the guidelines pursuant to R.S. 9:315.1 and there has not been a change in circumstances which warranted the deviation.
La. R.S. 9:315.1 provides in part:
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
Adequate reasons for deviating from the guidelines must include the trial court's findings as to the amount of support that would have been required under a mechanical application of the guidelines, using the income earning potential of any voluntarily underemployed party. McDaniel v. McDaniel, 95-1314 (La.App. *541 3 Cir. 3/6/96), 670 So.2d 767, 772 (citing Rushing v. Rushing, 93-1066 (La.App. 3 Cir. 4/6/94), 635 So.2d 610).
Included in the basic child support obligation are health insurance premiums. Pursuant to La. R.S. 9:315.4, "[t]he cost of health insurance premiums incurred on behalf of the child shall be added to the basic child support obligation." "When determining child support awards, Louisiana courts have interpreted [La. R.S. 9:315.4] to provide a credit for health insurance premiums paid on behalf of a minor child." Westcott v. Westcott, 98-1828 (La.App. 4 Cir. 3/10/99), 729 So.2d 757, 759. Additionally, La. R.S. 9:315.8(D) provides that "[t]he party without legal custody or the nondomiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party, minus any court-ordered direct payments made on behalf of the child for health insurance premiums."
In the instant case, the increase of the award did not equal a 25% increase as required by La. R.S. 9:311(C). In its motion for increase in child support, the State argued that Mr. Glorioso's current child support order was for $216.00, which is 25% less than what the order should be: $278.61. The State based its argument on the gross monthly incomes of the parties; namely that Mr. Glorioso had a gross monthly income of $1614.00 and Ms. Glorioso had a gross monthly income of $163.67. The State is incorrect.
The State assumed that Ms. Glorioso had monthly income of $163.67, based on imputed income from Department of Labor information. However, the trial court found that under La. R.S. 9:315.9, Ms. Glorioso was voluntarily unemployed. Ms. Glorioso was not incapacitated and not caring for a child under five years of age, as required by the statute. We find ample reason for the trial court's finding that Ms. Glorioso was voluntarily unemployed, thereby triggering the imputation of minimum wage to Ms. Glorioso. Therefore, Ms. Glorioso's imputed gross monthly income, at $5.15 per hour, is approximately $858.33.
In the instant case, the prior award was $216.00 per month plus medical insurance at $60.67, totaling $276.67. Compared to the present award of $242.00 per month plus medical insurance at $60.67, the percent difference between the two awards is only 9.4%. To equal at least a 25% change in the award, the new award must have been at least $345.84 per month, including medical insurance.
The present award also does not follow a strict application of the guidelines set forth in La. R.S. 9:315.14. At the September 10, 1997 hearing, Mr. Glorioso testified that his gross monthly income was $1,614.00 per month. At that same hearing, the trial court should have imputed a minimum wage gross monthly income to Ms. Glorioso, which totals approximately $858.33 per month. Combined, the adjusted gross monthly income equals $2,472.33. Mr. Glorioso contributes approximately 65% and Ms. Glorioso contributes approximately 35% of the sum. The adjusted gross monthly income falls between $2,450 and $2,500, listed in the schedule. Pursuant to La. R.S. 9:315.10, when the adjusted gross monthly income is between two listed amounts, the basic child support obligation shall be determined based on an extrapolation between the two amounts.
Based on the combined adjusted gross monthly income of $2,472.33, the basic child support obligation is approximately $395.00 per month. Pursuant to La. R.S. 9:315.8, Mr. Glorioso is responsible for 65% of the obligation (approximately $256.75) and Ms. Glorioso is responsible for the remaining 35%.
Here, Mr. Glorioso provides health insurance for the minor child. According to La. R.S. 9:315.8(D), Mr. Glorioso should receive a credit against the monetary child support in the amount of the health insurance premium. Thus, the amount of child support Mr. Glorioso is responsible for pursuant to La. R.S. 9:315.14, is inclusive *542 of the cost of health insurance for the minor child.
In its written judgment dated February 22, 1999, the trial court increased Mr. Glorioso's child support order to $242.00 per month plus health insurance coverage, a total of $302.67 per month, retroactive to September 10, 1997. $302.67 is in excess of Mr. Glorioso's 65% portion of the basic child support obligation listed in La. R.S. 9:315.14, and consequently a deviation from the guidelines. The court did not state any reasons for the deviation.
However, in support of a deviation from the child support guidelines, the trial court is required to provide specific reasons for the deviation. La. R.S. 9:315.1(B). Here, the trial court deviated from the guidelines set forth in La. R.S. 9:315 et seq. and consequently La. R.S. 9:311(C), which requires at least a 25% change in award to constitute a change in circumstances; yet the court did not provide any reasons for its judgment, which violated La. R.S. 9:315.1(B).
Accordingly, we find that the trial court abused its discretion in increasing the child support in deviation from the guidelines without stating any reasons for its judgment.
CONCLUSION
For the foregoing reasons, we vacate and reverse the judgment of the trial court, hereby denying the State's motion to increase the child support.
REVERSED.
NOTES
[1] Presumably, the first day of the two week pay period, ending July 26, 1997.