774 So.2d 1257 (2000)
Lori Seavers TEMPLETON
v.
Roger H. TEMPLETON.
No. 00 CA 0536.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*1258 Deborah P. Gibbs, Baton Rouge, Counsel for Plaintiff-Appellant Lori Seavers Templeton.
Donna Wright Lee, Baton Rouge, Counsel for Defendant-Appellee Roger H. Templeton.
Before: FOIL, FITZSIMMONS, and GREEN[1], JJ.
FITZSIMMONS, J.
Defendant, Roger H. Templeton, agreed in two stipulated judgments to allow his former wife, Lori Seavers Templeton, and their child to move from Louisiana to Minnesota. In the judgments, the parents were awarded joint custody. Mrs. Templeton was designated domiciliary parent. In the second judgment, the parties agreed that child support would be recalculated after Mrs. Templeton found work. After moving and finding work, Mrs. Templeton filed for child support. Mr. Templeton filed for a change in custody. He prayed for domiciliary parent status, a fifty-fifty sharing of physical custody, and child support.
In the judgment appealed, the trial court continued the joint custody, maintained the school year residence as Minnesota, and awarded liberal visitation to the father, as follows:
During the school year [, the child] is to live primarily with her mother; during the summer, the Thanksgiving, Easter, and fall and/or spring breaks[, the child] is to live primarily with her father. The parties shall share the Christmas holidays equally.
The costs of the vacation and holiday travel would be shared. The trial court also permitted the parents alternating weekends during the time that parent did not have the child in residence, if the parents chose to visit.
Additionally, the trial court awarded child support, but calculated it on a nine-month basis. The trial court based the deviation on two bases: (1) the time the child spent with the nondomiciliary parent, and (2) the high travel costs. Unfortunately, the trial court failed to designate a domiciliary parent.
Mrs. Templeton appealed. Mr. Templeton answered the appeal. Each parent wanted to be named the domiciliary parent. Additionally, Mrs. Templeton assigned error to (1) the award of virtually all holidays to the father, (2) the valuation assigned for Mr. Templeton's employer-provided home, and (3) the trial court's deviation from the child support guidelines. Mr. Templeton argued that the trial court erred in failing to return the child to him in Louisiana. After a thorough review of the appeal record, we amend in part, and affirm.

CUSTODY
Mr. Templeton reserved the right to re-visit the custody agreement, but did not object to his daughter's move to Minnesota, where her mother's family lived. Although the trial court believed that the initial move was not in the child's best interest, the court noted that the parties had agreed. Mrs. Templeton moved in May of 1997. After visitation with her father, the daughter joined her mother in June of 1997. By the time of trial, the child had settled in Minnesota, and was doing well in school. The judgment appealed to this court was signed on November 18, 1999: more than two years later.
After a thorough review of the record and the applicable law, we find that the *1259 father failed to introduce sufficient proof that the child's best interests mandated domiciliary parent status to the father. Nor is there sufficient proof for a change in the primary school year residence to Louisiana. See C.C. arts. 131-134.
At this time, the child resides primarily with the mother in another state. It is in the best interest of the child to designate the mother as the domiciliary parent. See La. R.S. 9:335 B & C.C. art. 131. Therefore, we designate her as such.

VISITATION
It cannot be disputed that the child benefits by contact with both parents. Liberal visitation with Mr. Templeton is a commendable and necessary goal. See La. R.S. 9:335 A(2)(a) & B(2). However, it must be tempered with the problems inherent in long distance commuting for young children, the child's need for holiday and vacation time in Minnesota, and the attendant costs of travel. Any visitation schedule must be reasonable and "in the best interest of the child." La. R.S. 9:335 A(2)(b); C.C. art. 136 A. The benefit from the child's contact with both parents must balanced with the need for a stable home base consistent with family and friends. This is especially important during the school year.
Louisiana and Minnesota measure the depth of this country. The child was not quite five at the time of the trial, and too young to travel alone. The visitation schedule fashioned by the trial court necessitated annual multiple flights for the child. The order necessitated additional back and forth flights by the traveling parent. The alternative method of transportation was extremely long car trips for all. Another result of the judgment visitation, as pointed out by Mrs. Templeton, was the loss of most vacation and holiday time with the child's mother, Minnesota family, and playmates.
After a thorough review of the record, we find that the trial court erred in the adopted visitation schedule. For a young child, the award of virtually all vacation and holiday time to the father requires too much travel, and too little free time in Minnesota. We amend the judgment, as follows: Beginning in 2001, the parents shall alternate Christmas, Thanksgiving, and Easter each year. The parent who did not have the child on Christmas Day, 2000, will have the child for the Christmas holiday, 2001, with the other holidays alternating. This schedule may be modified by mutual agreement. For the summer, the father will have the child from one week after school ends, until ten days before the school year begins. The week after school ends allows time to settle any remaining school requirements and to prepare for the trip. The ten days before the school year begins is necessary for the child to re-adjust to the Minnesota home, reestablish school friendships, and accomplish the necessary school preparations. Under the circumstances of a now established long distance relationship, this visitation reduces the number of annual trips by the young child, but still allows time for the child, the father, and the Louisiana family to remain close. It also allows time for the child to maintain relational and home stability through family, friends, and playmates in Minnesota.
We maintain the judgment's recognition of the parent's choice to travel and visit on alternating weekends, whenever the child is not in residence with the traveling parent. We also agree with the trial court that the holiday and vacation time travel costs should be shared, and that the traveling parent should pay the weekend travel costs.

CHILD SUPPORT
Benefits from employment are calculated in "gross income." La. R.S. 9:315(4)(b). It is within the trial court's discretion to decide what amount is appropriate for inclusion in gross income. See *1260 State in the Interest of Penn v. Penn, 97-1269, p. 3 (La.App. 1 Cir. 5/15/98), 712 So.2d 625, 627.
We affirm the trial court's valuation of the employer-provided benefits. We cannot say that the trial court abused its discretion. The home and utilities payments covered by the employer were offset by the employment requirements: no choice in location or type of home, easy access to the church and its members, and no opportunity to develop equity in a home before retirement.
Generally, an award of child support is entitled to great weight, and will not be disturbed on appeal absent an abuse of discretion. Campbell v. Campbell, 95-1711, p. 4 (La.App. 1 Cir. 10/10/96), 682 So.2d 312, 316. Guidelines for child support obligations are legislatively set in La. R.S. 9:315.14. These amounts are presumptively proper. La. R.S. 9:315.1 A. "In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time." La.R.S. 9:315.8 E. The court must also consider "the continuing expenses of the domiciliary party." Id. Deviations "from the guidelines ... shall not be disturbed absent a finding of manifest error." La. R.S. 9:315.12.1.
In Guillot v. Munn, 99-2132, pp. 13-14 (La.3/24/00), 756 So.2d 290, 300-01, the Louisiana Supreme Court enunciated a three-prong test to determine whether a deviation was justified based on the length of time the child spends with the nondomiciliary parent. Initially, the Supreme Court concluded that "typical" visitation was included in the setting of the guidelines. Guillot, 99-2132, at p. 11, 756 So.2d at 298-99. Thus, for a deviation, the trial court must find that the scheduled visitation was atypical or "extraordinary." Guillot, 99-2132, at pp. 12-13, 756 So.2d at 300. "Second, the court must consider whether the extra time spent with the nondomiciliary parent results in a greater financial burden on that parent and in a concomitant lesser financial burden on the" domiciliary parent. Guillot, 99-2132, at p. 13, 756 So.2d at 300. This second prong promotes the goal of La. R.S. 9:315.8 E by balancing the economic positions of both parents and the consequences of shared custody. Finally, "the court must determine that the application of the guidelines in the particular case under consideration would not be in the best interest of the child or would be inequitable to the parties." Id. In this third prong, the provision of La. R.S. 9:315.1 B is incorporated. Overall, the best interest of the child remains paramount, but the trial court retains the discretion needed to avoid unreasonable or unnecessary financial consequences to either parent.
If a deviation is warranted, the trial court should reduce the obligation monthly "only when the extraordinary visitation or shared custody occurs regularly throughout the year ...." If the extraordinary visitation occurs during specific periods, for example, Christmas and summer vacation, the reduction should be made only "during that period of time." La. R.S. 9:315.8 E; 13, 300. The burden to prove that a deviation meets the test is on the parent seeking the deviation. 9, 297.
At the time of trial and the judgment before us, the Guillot test did not exist. Thus, the trial court did not specifically decide whether (1) the visitation schedule was atypical, (2) the expenses incurred by the father resulted in a greater financial burden on him and a lesser burden on the mother, or (3) adherence to the guidelines was not in the best interest of the child or was unreasonably unfair to the parties. Instead, the trial court based its deviation on the "extended time" spent with the nondomiciliary parent and the overall, unspecified costs of travel, long distance communication, *1261 change of residence, and child care.
Certainly, Guillot envisions a consideration of these factors, but requires more definite evidence from the parties and review by the trial court. The length of visitation and attendant costs, not already pro rated,[2] were appropriate considerations. However, this record does not provide the information necessary to address sufficiently all the issues and considerations raised by the three-prong Guillot test. Additionally, this court has revised the visitation schedule set by the trial court. Therefore, like Guillot, we find that the trial court abused its discretion and we reverse the deviation from the child support guidelines. We remand for further proceedings consistent with Guillot and this opinion.

CONCLUSION
For these reasons, we amend the judgment to designate Lori Seavers Templeton as the domiciliary parent, and to provide for the adjusted visitation outlined in this opinion. On the issue of the deviation from the child support guidelines, we reverse and remand. We affirm the judgment in all other provisions. The costs of this appeal are assessed equally to Mr. and Mrs. Templeton.
REVERSED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED IN PART.
NOTES
[1] Honorable Alan J. Green is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The trial court ordered sharing of the travel costs, which provided a proper allotment. To again consider them as a basis for a reduction was not warranted.