938 So.2d 779 (2006)
Donna Roberts BARTON
v.
Eric C. BARTON.
No. 2005-CA-1190.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Denise Nelson Akers, Akers & Wisbar, L.L.C., Baton Rouge, Counsel for Defendant-Appellant, Eric C. Barton.
Panel composed of Ad Hoc Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
*780 SUSAN M. CHEHARDY, Judge Ad Hoc.
This is an appeal of a child support ruling, in which the district court increased the amount payable by a father for support of two children from $400.00 per month to $1,009.00 per month. The obligor appeals. We vacate the judgment and remand for an evidentiary hearing.
Donna Roberts Barton and Eric C. Barton were divorced on September 30, 1996. The divorce decree adopted the provisions of a prior stipulated judgment, under which the parties agreed to joint custody of the minor children, with Donna Barton designated the primary custodial parent, and with Eric Barton to pay $400.00 per month child support to Donna Barton, as well as one-half of all medical and dental expenses for the children that are not covered by insurance.
In July 1999, Eric Barton filed a petition to modify child support and Donna Barton filed a petition to increase child support and to make past-due child support executory. The cross-petitions resulted in a judgment on September 7, 1999, which maintained the child support at $400.00 per month, but ordered Eric Barton to pay Donna Barton the sum of $6,066.00 as child support in arrears, which was made executory.
On October 6, 2003, Donna Barton filed a rule for an increase in child support. Donna Barton alleged that since the support amount was set she had experienced a tremendous increase in expenses for the children and, on information and belief, that the defendant had incurred a tremendous increase in income. She sought to have the child support payments increased to a sum commensurate with the child support guidelines.
In a judgment dated January 6, 2005, the district court increased child support to $1,009.00 per month effective August 1, 2004. In the judgment, the court stated that the increase was based on incomes of $5,642.00 per month for Donna Barton and $5,597.00 per month for Eric Barton. The judgment also made the following recitation:
The court further acknowledges receipt of evidence of the following:
1. That the cost of living in the Virgin Islands, where the father lives, is 33% higher than the cost of living in the average United States city and that the Baton Rouge area is only 66% of the average cost of living for a United States city.
2. That the father spends $1,775.00 each year flying the girls to see him;
3. That the father has another child living with him of his present marriage;
4. That the father claims his current income represents extraordinary overtime;
5. That, based on Eric Barton's income of $70,072.00 in 2002 and $43,000.00 in 2003, he could have been paying much more than the $400.00 per month current child support and the court is not inclined to deviate from the guidelines pursuant to the arguments made by counsel for Eric Barton as noted above.
The transcript of the hearing contains neither testimony nor admission of evidence into the record. The sum and substance of the transcript is as follows:
THE COURT:
Donna Barton versus Eric Barton.
MR. LIEUX: Present, Your Honor. We'll need a status on that.
MS. AKERS:

*781 Present, Your Honor, for Eric Barton.
[PASSED TEMPORARILY]
THE COURT:
Donna Barton versus Eric Barton.
THE CLERK:
That was a court form.
THE COURT:
Oh, that's a court form too. All right.
[THIS MATTER WAS THUS CONCLUDED]
On appeal, Eric Barton asserts the trial court erred as follows: (1) in setting child support without consideration of the different cost of living for the father, who lives in the Virgin Islands; (2) in setting child support without consideration of the high transportation costs the father incurs in transporting his daughters from Gonzales, Louisiana to the Virgin Islands; (3) in setting child support without considering the fact that the father had another child living in his household; and (4) in using, as the basis of its refusal to deviate from the guidelines for the grounds listed above, the fact that the father's income had been substantially higher in 2002 and the mother could have requested an increase in child support in 2002 to get more child support, but had not.
Mr. Barton contends the trial court erred in its "mechanical application" of the child support guidelines because the reasons for deviation from the guidelines existed even during the prior two years, the income for which was cited by the trial judge. Further, he contends, the reasons to deviate were good, substantial, and reasonable, and the court's failure to deviate is an abuse of discretion.
Generally, an award of child support is entitled to great weight and will not be disturbed on appeal absent an abuse of discretion. D'Aquilla v. D'Aquilla, 03-2212, p. 6 (La.App. 1 Cir. 4/2/04), 879 So.2d 145, 149, writ denied, 04-1083 (La. 6/25/04),5 876 So.2d 838. However, an award of child support may be modified if the circumstances of the child or either parent materially change. La.C.C. art. 142.
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. La.R.S. 9:311(A).
The party seeking modification of a child support award bears the burden of proving that a change in circumstance has occurred. Once the moving party proves a change in circumstance, a presumption exists that the support obligation must be modified. The burden then shifts to the other party to disprove the change or otherwise overcome the presumption.
Folse v. Folse, XXXX-XXXX, p. 4 (La.App. 1 Cir. 5/10/02), 818 So.2d 923, 925.
There is a rebuttable presumption that the amounts in La.R.S. 9:315.14, the child support guidelines, are proper. La. R.S. 9:315.1(A); Templeton v. Templeton, 00-0536, pp. 4-5 (La.App. 1 Cir. 12/22/00), 774 So.2d 1257, 1260. However, the court may deviate from the guidelines "if their application would not be in the best interest of the child or would be inequitable to the parties." La.R.S. 9:315.1(B). If the trial court deviates, it must "give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines." Walden v. Walden, 2000-2911, p. 8 (La.App. 1 Cir. 8/14/02), 835 So.2d 513, 520.
*782 Here, the transcript shows that no evidence was placed on the record that would establish the facts on which the trial court's ruling was based.[1] An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Guedry v. Fromenthal, 633 So.2d 287, 289 (La.App. 1 Cir.1993); Willis v. Letulle, 597 So.2d 456, 464 (La.App. 1 Cir.1992).
Thus, it is impossible for this Court to make a clear and just determination of the proper child support from this record. We are unable to review the judgment.
Pursuant to our authority under La. C.C.P. art. 2164, therefore, the appropriate procedure in this case is to vacate the judgment and remand to the trial court for the purpose of an evidentiary hearing to provide a basis for a determination of the motion for modification of child support. See Fancett v. Fancett, 590 So.2d 1250, 1253 (La.App. 1 Cir.1991).
For the foregoing reasons, we vacate the judgment and remand the matter to the district court for an evidentiary hearing. The parties are to pay their own costs for this appeal.
VACATED AND REMANDED.
NOTES
[1] The record contains a worksheet that lists gross incomes, etc., for each party and the combined amounts of their incomes and extraordinary expenses. The worksheet also has a handwritten entry under the "Decision" section that reflects the ruling later entered by the court. However, the worksheet was neither signed by the trial judge, nor entered into evidence at the hearing.