KENNETH DARTEZ
v.
LOUIS M. PHILLIPS, YVETTE M. WILTGEN, AUBREY J. LaPLACE, AND AUBREY J. LaPLACE, JR.
No. 2006 CA 2281.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
NOT DESIGNATED FOR PUBLICATION
RUSSELL W. BEALL, WILLIAM W. THIES, BRENNAN C. ARDOIN, Baton Rouge, LA, Attorneys for Plaintiff-Appellant Kenneth Dartez.
WILLIAM C. SHOCKEY, Baton Rouge, LA, Attorney for Defendants-Appellees James E. Mayeux, Jr., Timothy J. Mayeux, Renee' Mayeux and Joey Mayeux.
THOMAS R. HIGHTOWER, JR. Lafayette, LA, Attorney for Defendants-Appellees Barbara Mayeux, 7-M Farms, LLC and Shelter General Insurance Company.
Before: CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
In this case, plaintiff filed suit against defendants seeking damages stemming from a single-car accident that occurred when his vehicle struck a cow on Highway 75 in St. Gabriel, Louisiana. Plaintiff claimed defendants were co-owners of the cow and solidarily liable for his damages resulting from the accident. Defendants moved for summary judgment, alleging that because they were not the owners of the cow, there was no genuine issue of material fact and they were entitled to judgment as a matter of law. Following a hearing, the trial court granted summary judgment in favor of defendants, dismissing plaintiffs claims with prejudice. Plaintiff appealed.[1]
On a motion for summary judgment, the burden of proof is on the mover. If the moving party will not bear the burden of proof at trial on the matter, that party's burden on a motion for summary judgment is to point out an absence of factual support for one or more essential elements of the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. Code Civ. P. art. 966 C(2); Robles v. ExxonMobile, XXXX-XXXX, p. 4 (La. App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
We have thoroughly reviewed the evidence in the record and agree with the trial court's conclusion that summary judgment was appropriate in this case. In support of their motion for summary judgment, defendants submitted evidence showing a lack of factual support for an essential element of plaintiffs claim, La, ownership of the cow. At that point, plaintiff was required to come forward with evidence to support his allegation that the cow belonged to defendants. His failure to do so prevented him from showing that he would be able to satisfy his evidentiary burden of proof at trial. Plaintiffs arguments on appeal to the contrary are without merit. Therefore, we affirm the trial court's judgment in accordance with Uniform RulesCourts of Appeal, Rule 2-16.2A(4), (6), and (8). All costs associated with this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] Plaintiff argues on appeal that the trial court erred in denying his motion to supplement the record with excerpts of deposition testimony of a former party defendant. Plaintiff contends the trial court discussed the contents of the deposition at issue in his ruling on the summary judgment. Thus, plaintiff asserts, he is "not seeking to add additional evidence that was not considered by the trial court, but only to add those pages from a deposition that were ... considered by the trial court so that this court can have a complete record when reviewing this appeal." We note, however, that this deposition was never filed or introduced into evidence by plaintiff at the hearing on the motion for summary judgment. Pursuant to La. Code Civ. P. art 2164, an appellate court must render its judgment based upon the record on appeal. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Barton v. Barton, XXXX-XXXX, p. 6 (La. App. 1 Cir. 6/9/06), 938 So.2d 779, 782. This assignment of error has no merit.