## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 10-540

SAMANTHA L. TANKERSLEY

VERSUS

DEREK J. KOZIELSKI

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 219,016
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and David E. Chatelain,\* Judges.

## JUDGMENT VACATED AND CASE REMANDED.

Eugene Paul Cicardo, Jr.
P. O. Box 1128
Alexandria, LA 71309
(318) 445-2097
Counsel for Defendant/Appellant:
Derek J. Kozielski

_____
\* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**W. Jay Luneau**
**Luneau Law Office**
**1239 Jackson Street**
**Alexandria, LA 71301**
**(318) 767-1161**
**Counsel for Plaintiff/Appellee:**
**Samantha L. Tankersley**

**W. Jay Luneau**
**Luneau Law Office**
**1239 Jackson Street**
**Alexandria, LA 71301**
**(318) 767-1161**
**Counsel for Plaintiff/Appellee:**
**Samantha L. Tankersley**

**EZELL, JUDGE**.

Derek Kozielski appeals a trial court judgment complaining about the amount of child support he was ordered to pay. Mr. Kozielski asserts the trial court committed several errors in its determination that he owed $900.00 per month as child support.

## FACTS

Derek Kozielski and Samantha Tankersley are the parents of a daughter who was born on June 22, 2004. In November 2004, a stipulated custody plan and child support judgment was entered. In 2005 the parties moved in together, at which time they stipulated that child support would cease and they would share custody of the child. After several months of living together, the mother and child moved out and requested a new child custody order and child support. This motion was dismissed pursuant to Ms. Tankersley's request.

In July 2008, Mr. Kozielski filed a rule for sole custody and restricted visitation. In November 2008, Ms. Tankersley followed with a rule for change of custody and child support. On November 24, 2008, an order was entered continuing Ms. Tankersley's rule and ordering Mr. Kozielski to pay $500.00 a month in interim child support.

A hearing was held on May 11 and 18, 2009. Again the rules filed by both parties were continued. At that time, Mr. Kozielski was ordered to pay $500.00 a month as interim child support in addition to the child's health insurance. Joint custody of the child was ordered, with parties alternating each week of custody. Judgment was signed on July 20, 2009.

At the request of Mr. Kozielski, the hearing on the parties' rules was continued twice. After considering memoranda and respective child support worksheets

presented to the trial court by each of the parties, the court set child support in the amount of $900.00 a month. Judgment was signed January 5, 2010.

On January 11, 2010, Mr. Kozielski filed a motion for new trial. Mr. Kozielski argued that the child support determination was based on worksheets and pay information that was submitted to the trial court but not entered into the record. Mr. Kozielski also argued that a hearing was held on December 29, 2009, placing the child in his sole custody and issuing a protective order prohibiting Ms. Tankersley from having any contact with the child unless it was supervised. He argues that his child support obligation should have been suspended at that time.

A hearing on the motion for new trial was held on February 22, 2010. Upon denial of his motion for new trial, Mr. Kozielski filed the present appeal.

**DISCUSSION**

Mr. Kozielski appeals the trial court's determination of child support claiming the trial court erred in using Worksheet A instead of Worksheet B, in the calculation of his annual salary, and in not terminating child support once he was given custody pursuant to a protective order. The evidence that Mr. Kozielski relies on to support his claims was introduced as a proffer at the hearing on the motion for new trial.

At the hearing on the motion for new trial, counsel for Mr. Kozielski admitted he wanted to introduce evidence that was not in the record because the trial court had ruled on the issue of child support based on briefs that were submitted to the court without a hearing. Mr. Kozielski also wanted to introduce evidence of W-2s and worksheets based on those W-2s, which he argued was new evidence obtained after the submission of the briefs.

Apparently, after several continuances had been granted in the case on the issue of child support, the trial court asked the parties to submit briefs on the issue. No

2

hearing on the matter was held. As a result, no evidence was placed on record.

Louisiana Code of Civil Procedure Article 1972 provides that a new trial shall be granted when the party has discovered evidence since the trial which he could not have obtained before the trial. Clearly, the evidence that Mr. Kozielski sought to introduce was utilized by the trial court in its determination of child support and was available at the time of the trial court's determination. More importantly, there was never a proceeding at which the evidence could have been introduced into the record in the first place.

In *Barton v. Barton*, 05-1190 (La.App. 1 Cir. 6/9/06), 938 So.2d 779, the first circuit reviewed a child support case in which the transcript showed that the evidence relied on by the trial court had not been placed on the record. Recognizing that an appellate court cannot review evidence not in the record on appeal and cannot receive new evidence, the first circuit determined that a remand was necessary pursuant to La.Code Civ.P. art. 2164.

In *Ray Brandt Nissan, Inc. v. Gurvich*, 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, the fifth circuit also recognized that evidence that is not properly introduced at trial cannot be considered even if it is physically placed in the record. The court held that the trial court's ruling was improper because there was not a proper foundation for the judgment. *See also Jackson v. United States Auto. Ass'n Cas. Ins. Co.*, 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512.

We are faced with a case in which no evidence has been formally introduced in the trial court because there was never a proceeding at which the evidence could be introduced. A motion for new trial assumes that there has been a trial in the first case at which evidence was received. It cannot be used to introduce evidence that was not properly received into the record. Furthermore, Mr. Kozielski attempts to introduce

evidence he argues is new because it was not available at trial. Ms. Tankersley has argued that this evidence was determinable at the time the briefs were submitted to the trial court. Even if a motion for new trial was proper in this case, the evidence may have been discoverable before trial. Under the circumstances presented by this case, we find the proper procedure to follow is to remand the case for a proper hearing and introduction of evidence.

For these reasons, we vacate the judgment of the trial court and remand for the purpose of an evidentiary hearing to provide a basis for a determination of child support. Costs of this appeal are to be split equally between Derek Kozielski and Samantha Tankersley.

**JUDGMENT VACATED AND CASE REMANDED.**