# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CA 0205

## STATE OF LOUISIANA

## VERSUS

## SHARON WING and DAVID WING

Judgment Rendered: __NOV 0 1 2022__

* * * * * * *

On Appeal from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. NS 12-0302

Honorable Patrice W. Oppenheim, Judge Presiding

* * * * * * *

Warren Montgomery
District Attorney
Tammy Boone Keaton
Leanne Kimble
Mary Tate-Strahan
Assistant District Attorneys
Covington, Louisiana

Attorneys for Plaintiff/Appellee,
State of Louisiana


Larry M. Aisola, Jr.
Chalmette, Louisiana

Attorney for Defendant/Appellant,
Sharon Wing (CP)


Betsy A. Fischer
Natalie N. Enterkin
Samantha Spitale
Metairie, Louisiana

Attorneys for Defendant/Appellee,
David Wing (NCP)

* * * * * * *

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

**PENZATO, J.**

Sharon Wing appeals a November 24, 2021 final child support judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Sharon Wing and David Wing are the parents of one child, born January 30, 2006. Ms. Wing has physical custody of the child. On June 5, 2012, the State of Louisiana, Department of Social Services (the "State"), filed a rule to establish child support. At a hearing officer conference on September 10, 2012, the hearing officer calculated child support based on Ms. Wing's work history as a hairdresser and Mr. Wing's receipt of VA and workers' compensation benefits. On December 7, 2012, the trial court signed a judgment adopting the hearing officer's recommendations and ordering Mr. Wing to pay $505.00 per month in child support.

On August 30, 2018, the State filed a rule for review of the child support order, as the order was more than three years old. While the rule for review was pending, Mr. Wing filed a rule to decrease child support based on his disability and an alleged increase in Ms. Wing's income. On December 14, 2020, the parties appeared before the hearing officer. After hearing testimony from the State and the parties, the hearing officer calculated Ms. Wing's monthly gross income to be $3,038.00, and Mr. Wing's monthly gross income to be $2,287.00. The hearing officer recommended that Mr. Wing's child support order be reduced to $365.08 per month. On January 19, 2021, Ms. Wing filed an objection to the hearing officer's recommendation for a reduction in child support.

Ms. Wing's objection to the hearing officer recommendation came for hearing before the trial court on November 4, 2021. Ms. Wing testified that she worked as a hairdresser and owned her own business. In connection with her testimony, her tax returns for 2018, 2019, and 2020 were introduced into evidence. Ms. Wing's 2020 tax return showed that she earned less than $6,000.00 for that year. Ms. Wing

testified that for a large portion of 2020 her shop was closed. She further testified as to her monthly expenses, which totaled approximately $7,204.00.

Mr. Wing testified that he was a disabled veteran and received approximately $2,287.00 per month in VA benefits. Mr. Wing testified that he married Kristal Glover in 2012 and lived with her until 2019. During the marriage, Ms. Glover-Wing worked in the health care industry. According to a petition for divorce introduced into evidence, Ms. Glover-Wing filed for divorce on September 25, 2019. Mr. Wing and Ms. Glover-Wing were still married at the time of the November 4, 2021 hearing. Mr. Wing testified that Ms. Glover-Wing had a life-threatening medical issue and donated to him a house she owned at 305 Inverness Lane, Broussard, Louisiana ("Inverness Lane house"). On December 10, 2020, Mr. Wing executed a cash sale of the Inverness Lane house for $615,000.00.

At the conclusion of the hearing, the trial court made a number of factual findings regarding the parties' incomes and calculated child support retroactively to November 1, 2018. On November 24, 2021, the trial court signed a final child support judgment in accordance with its November 4, 2021 ruling, which modified Mr. Wing's existing monthly child support order as follows:

Effective September 1, 2018, support was reduced from $505.00 to $473.00;

Effective January 1, 2019, support was reduced from $473.00 to $459.00;

Effective January 1, 2020, support was reduced from $459.00 to $332.00;

Effective January 1, 2021, support was reduced from $332.00 to $313.00.

Ms. Wing appeals from the November 24, 2021 judgment, assigning as error the trial court's refusal to calculate the sale of separate property as gross income.

## LAW AND DISCUSSION

An appellate court will not disturb an award of child support unless the trial court abused its discretion or committed manifest error. *St. Philip v. Montalbano*, 2016-0254 (La. App. 1 Cir. 10/31/16), 206 So. 3d 909, 912, writ denied, 2016-2110

3

(La. 1/13/17), 215 So. 3d 255. Furthermore, the trial court's conclusions of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error. *Romanowski v. Romanowski*, 2003-0124 (La. App. 1 Cir. 2/23/04), 873 So. 2d 656, 662. It is within the trial court's discretion to decide what amount is appropriate for inclusion in gross income. *Templeton v. Templeton*, 2000-0536 (La. App. 1 Cir. 12/22/00), 774 So. 2d 1257, 1259.

The guidelines for the determination of child support obligations are set forth in La. R.S. 9:315, *et seq.*, and rely on the combined adjusted monthly gross income of the parents. *Bell v. Jackson*, 2018-1075 (La. App. 1 Cir. 5/31/19), 278 So. 3d 382, 385. "Gross income" is defined by La. R.S. 9:315(C)(3) as follows:

(3) "Gross income" means:

(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster un-employment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;

(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and

(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.

(d) As used herein, "gross income" does not include:

(i) Child support received, or benefits received from public assistance programs, including Family Independence Temporary Assistance Plan, supplemental security income, food stamps, and general assistance.

(ii) Per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code.

(iii) Extraordinary overtime including but not limited to income attributed to seasonal work regardless of its percentage of gross income when, in the court's discretion, the inclusion thereof would be inequitable to a party.

(iv) Any monetary gift to the domiciliary party when the objective of the gift is to supplement irregular child support payments from the nondomiciliary party.

(v) Any disaster assistance benefits received from the Federal Emergency Management Agency through its Individuals and Households Program or from any other nonprofit organization qualified as a tax-exempt organization under Section 501(c) of the Internal Revenue Code of 1954, as amended.

Louisiana Revised Statutes 9:315(C)(5)(c) further provides that:

The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.

Following the hearing on this matter, the trial court noted credibility issues with both parties. For the years 2018 and 2019, the trial court determined Ms. Wing's monthly income was $3,316.00 and $3,750.00 respectively, based upon her tax returns. For the years 2020 and 2021, the trial court calculated Ms. Wing's monthly income to be $5,704.00 based on her expenses. The trial court determined that Mr. Wing's monthly income for the years 2018 and 2019 was $3,355.00, based upon the $2,287.00 he received in VA benefits and imputing $1,068.00 for the benefit he derived from expense sharing as a result of living with Ms. Glover-Wing. For 2020, the trial court reduced the amount of income it imputed to Mr. Wing for expense sharing, based upon the testimony that Ms. Glover-Wing was having health problems and a report of Ms. Glover-Wing's earnings that was introduced into evidence. The trial court calculated Mr. Wing's income for 2020 to be $2,614.00. For the year 2021, the trial court concluded that there was not sufficient evidence

that Mr. Wing and Ms. Glover-Wing were still living together; therefore, the trial court did not impute any expense sharing for him, and determined his monthly income was $2,287.00, the amount he received in VA benefits. The trial court did not include the $615,000.00 for the sale of the Inverness Lane house in its calculation of child support, stating as follows:

> I don't have any indication that he actually received that amount of money. He may have signed a cash sale, but I don't know if there's a mortgage on it. Nobody provided me that so I don't know that he received the entirety of the [$615,000.00].

On appeal, Ms. Wing argues that "income" is not limited to salaries, but instead, "'gross income' includes 'income from any source,' such as salaries, dividends and interest," citing *Bernstein v. Bernstein*, 2019-1106 (La. App. 4 Cir. 2/10/21), 313 So. 3d 413, 421, writs denied, 2021-00390 and 2021-00380 (La. 5/4/21), 315 So. 3d 220, and 315 So. 3d 222. Ms. Wing further cites La. R.S. 9:315(C)(3)(d), which provides that "gross income" does not include "[c]hild support received, or benefits received from public assistance programs, ... food stamps, .... [p]er diem allowances ...." Thus, Ms. Wing argues that the amount of funds Mr. Wing received from the sale of the Inverness Lane house should have been considered gross income based on the definition of what gross income does not include.

Mr. Wing argues on appeal that while gross income for child support purposes is not limited to salaries, the examples provided in La. R.S. 9:315 each encompass regular or semi-regular payments made to the party at issue. Mr. Wing further notes that the "near-comprehensive list provided in La. R.S. 9:315 does not mention sale proceeds." Mr. Wing contends that because the proceeds at issue were distributed once, the proceeds are capital, not income.

The determination of the amount that is appropriate for inclusion in gross monthly income is a finding of fact. See *Templeton*, 774 So. 2d at 1259. The trial

court made a factual determination that there was insufficient evidence that Mr. Wing actually received the proceeds from the sale of the Inverness Lane house. Based upon our review of the record, we find no basis to disturb this factual determination, nor do we find the trial court abused its discretion by excluding the proceeds, if any, from the sale of the Inverness Lane house in calculating Mr. Wing's gross income for 2020. Accordingly, we find no merit in Ms. Wing's sole assignment of error.

## CONCLUSION

For the above and foregoing reasons, the November 24, 2021 judgment is affirmed. The costs of this appeal are assessed to Sharon Wing.

**AFFIRMED.**