927 So.2d 377 (2005)
Shawna Terpening WESTCOTT
v.
Darin Keith WESTCOTT.
No. 2004 CA 2298.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
*378 Robert McComiskey, Metairie, Counsel for Plaintiff/Appellant Shawna T. Westcott.
Angela Wilt Cox, Slidell, Counsel for Defendant/Appellee Darin Keith Westcott.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
Shawna Westcott appeals a judgment setting Darin Westcott's child support obligation at $86.00 per month; she also appeals judgment awarding Darin the income tax exemption for two of their three minor children. For the following reasons, we affirm.
The first issue for review is whether the trial court erred in applying the formula set forth in LSA-R.S. 9:315.9 to determine the parents' respective child support obligations. Shawna argues that this statute is inapplicable because their custody arrangement is not one of true shared custody as defined in LSA-R.S. 9:315.9 A(1). She contends that the children spend about 63% of their time with her.
LSA-R.S. 9:315.9 A(2)-(6), however, mandate a formula to be used to determine the child support obligation where the "joint custody order provides for shared custody." LSA-R.S. 9:315.9 A(2). Here, the parents' stipulation establishes joint custody, providing for shared custody, and this stipulation was made the order of the court. Despite Shawna's arguments to the contrary, nothing in the statute's mandatory formula is dependent on the parties' meeting the statute's definition of shared custody. Accordingly, the trial court did not err in employing the statutory formula.
The matter was heard before the trial court on April 19, 2004. The trial court accepted its court-appointed hearing officer's application of LSA-R.S. 9:315.9 to calculate the respective child support obligations showing Shawna's support obligation at $490.68 and Darin's at $576.84. The difference of $86.16 was the recommended child support order.
Here, the trial court deviated from the statutory guidelines and gave oral reasons why he did so. When a court deviates from the guidelines, the court is required to give oral or written reasons for the deviation. LSA-R.S. 9:315.1 B; also see Verges v. Verges, 01-0208, p. 11 (La. App. 1 Cir. 3/28/02), 815 So.2d 356, 364. In this case, the trial court articulated that it was aware that the parents spent unequal time with the three children. However, the trial court said that it considered how many meals each parent provided, and took into account the time each spend helping with homework. The trial court also stated that it relied on its court appointed experts, a hearing officer with a financial background and a social worker with many years experience, who spent many hours with the parties and considered many factors before making their recommendation. In using the fifty-fifty time *379 split in the calculation, the trial court found that the experts factored in the unequal time actually spent due to sleeping but considered the children's presence with each parent, the parents employment, and their overall participation in the children's lives. The court also based its decision on the detailed findings contained in the record. We note particularly that the record contains a stipulation that the parties be awarded shared custody. Pursuant to LSA-R.S. 9:315.9, shared custody contemplates equal amounts of time. Accordingly, we conclude that this oral recitation of the court's reasoning adequately explains reasons for deviating from the child support guidelines set forth in LSA-R.S. 9:315.1 B. See LSA-R.S. 9:315.1 C(8).
When the trial court deviates from the guidelines, it must include a finding as to the amount of support that would have been required under a mechanical application of the guidelines. LSA-R.S. 9:315.1 B. In this case, the trial court did not perform the mechanical application, but the necessary information is in the record, and this court has performed the calculation. The record reflects that the trial court varied from the guidelines in two respects. First, it made Darin responsible for the health care premiums and all child-care costs. Second, it used the fifty percent allocation rather than the sixty-three percent allocation in determining the respective parents' support obligation. According to our calculations, Darin's child support obligation pursuant to the alternate formula would have been $178.93 more per month than the ordered $86.00 per month.
Considering these factors we find that the trial court was not manifestly erroneous in deviating from the guidelines as it did. See LSA-R.S. 9:315.17.
Shawna next argues that the trial court erred in allowing Darin to claim two of the three children as exemptions on his income taxes pursuant to LSA-R.S. 9:315.18. We note that the cited statute envisions situations where one parent is the designated custodial or domiciliary parent rather than situations where parents shared physical custody of their children. LSA-R.S. 9:315.18. We note that Darin's income is approximately forty-percent higher than Shawna's, so he garners a greater benefit from the deductions. Also, Shawna owes Darin $4,525.00 for arrearage in child support. Generally, the trial court's order is entitled to great weight and will not be disturbed on appeal absent clear abuse of discretion. Campbell v. Campbell, 95-1711, p. 4 (La.App. 1 Cir. 10/10/96), 682 So.2d 312, 316. We thus conclude that it is reasonable and not an abuse of discretion for the trial court to allow Darin to claim two of the three children as exemptions on his taxes. Accordingly, we affirm the trial court judgment.

DECREE
Based on the above reasons, the judgment of the trial court is affirmed in all respects. The cost of this appeal is assessed to appellant Shawna Westcott. This memorandum opinion is issued in compliance with Uniform Court of Appeal Rule 2-16.1 B.
AFFIRMED.
GAIDRY, J., concurs.