STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1432

WENDY HICKS HAGAN

VERSUS

ROBERT GENE HAGAN

**********
APPEAL FROM THE
THIRTIETH JUDICIAL COURT,
PARISH OF VERNON, NO. 79,686, DIV. A
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

**J. DAVID PAINTER
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Thibodeaux, Chief Judge, dissents in part and assigns written reasons.

**Robert Gene Hagan**
**In Proper Person**
**6407 Highway 465 North**
**Leesville, LA 71446**
    **Defendant/Appellee**

**E. Grey Burnes-Talley, Attorney at Law**
**P.O. Box 650**
**Alexandria, LA 71309-0650**
**Counsel for Plaintiff/Appellant:**
    **Wendy Hicks Hagan**

**PAINTER, Judge.**

Plaintiff/Appellant, Wendy Hicks Hagan, appeals the trial court's calculation of her former husband's gross monthly income and the trial judge's determination that he would be able to claim one of their three children as a dependent on his income tax returns. We affirm the trial court's judgment in its entirety.

### FACTUAL AND PROCEDURAL BACKGROUND

Wendy Hicks Hagan and Robert Gene Hagan were married on January 4, 1997. Three children were born of the marriage. The parties separated on February 17, 2008, and Wendy filed a petition for divorce on May 22, 2008. During the course of the proceedings, the parties agreed to joint custody with Wendy being designated the domiciliary parent. On June 26, 2008, Robert was ordered to pay $1,402.65 per month in child support. A final judgment of divorce was rendered in open court on October 15, 2009, and signed on March 4, 2010.

At that time, the parties entered into a stipulation concerning the partition of the community, child support in the amount of $1,821.07 per month, and that Robert would be allowed to claim one child as a dependent on his income tax return. The parties could not agree on language for the judgment because Robert indicated that he did not intend to include his thrift savings plan in his retirement. Wendy argued that the thrift savings plan should be included. Robert filed a motion for clarification. The trial judge then found that there was no valid stipulation and vacated the October 15, 2009 judgment on the stipulated matters. Accordingly, he set a hearing for July 1, 2010, to determine all pending matters. Following that hearing, the trial court set child support at $1,561.28 per month and allowed Robert to claim one of the three children as a tax deduction. Written reasons for its ruling were signed on August 9, 2010.

Wendy now appeals, asserting that the trial judge erred in the calculation of Robert's gross monthly income, in allowing him to claim one of the three minor children as a dependent on his income tax return, and in not awarding her some

1

compensation for the loss of the tax deduction for one child. For the following reasons, we affirm.

## DISCUSSION

Wendy argues that the trial court erred in finding that Robert's gross monthly income was $6,707.27. She would have us find that his gross monthly income is $7,147.33 to include $260.00 per month for refereeing basketball games and $200.00 per month in benefits derived from sharing expenses with his live-in girlfriend. We note, however, that Wendy does not pray for an adjustment in the amount of child support, only for an adjustment in the value of his gross monthly income.

"The determination of the amount of [a parent's] gross monthly income is a finding of fact subject to manifest error review, and one which cannot be set aside by a reviewing court unless it is clearly wrong or manifestly erroneous." *Murphy v. Murphy*, 04-1332, p. 3 (La.App. 3 Cir. 2/2/05), 894 So.2d 542, 545, *writ denied*, 05-983 (La. 11/28/05), 916 So.2d 144 (citing *Piccione v. Piccione*, 01-1086, p. 5 (La.App. 3 Cir. 5/22/02) 824 So.2d 427). Furthermore, "it is within a trial court's broad discretion to determine which figures are proper to calculate the amount of [ ] monthly gross income." *Id.* (citing *Templeton v. Templeton*, 00-0536 (La.App. 1 Cir. 12/22/00), 774 So.2d 1257).

Robert serves as a referee for high school basketball games on a seasonal basis. He testified that basketball season is about six months long. He further testified that he is called, on average, once a week to referee but that that he is not guaranteed any certain amount of work. He is paid $30.00 per game. The trial judge used a figure of $50.00 per month in its calculation of Robert's monthly gross income. Based on the fact that the work is seasonal and unpredictable, we find no manifest error in the trial judge's finding in this regard.

Wendy also argues that the trial judge erred in not considering the money saved by Robert by sharing living expenses. She would have us include an additional $200.00 per month in his monthly gross income. Louisiana Revised Statutes 9:315(C)(5)(c) provides that the court "*may* also consider as income the benefits a

2

party derives from expense-sharing." (Emphasis added.) As the language of the statute is permissive rather than mandatory, "[i]t is within the discretion of the trial court to include or disallow such alleged 'benefits.'" *State, Dep't of Soc. Servs. ex rel. Clark v. Ruiz*, 04-1064, p. 10 (La.App. 5 Cir. 2/15/05), 898 So.2d 514, 520.

Robert testified that he pays his girlfriend $250.00 per month in rent and helps out with the utilities from time to time. He further testified that it would probably cost him about $400.00 to $450.00 per month plus utilities to live elsewhere. The trial judge did not include any amount saved by expense-sharing in his calculation of Robert's monthly gross income, and we find no error in this decision.

Wendy next argues that the trial judge erred in allowing Robert to claim one of the three children as a dependent on his income tax return. Louisiana Revised Statutes 9:315.18(A) provides that there is a presumption that the domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, La.R.S. 9:315(B)(1) provides that:

> The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
>
> (a) No arrearages are owed by the obligor.
>
> (b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.

Wendy asserts that, pursuant to La.R.S. 9:315.18(B)(1), Robert, as the non-domiciliary party, had to prove three things: (1) that he was not in arrears for child support; (2) that the award would substantially benefit him; and (3) that the award would not significantly harm Wendy. Wendy claims that Robert was in arrears as proven by trial court's prior ruling finding him in contempt for not paying child support prior to May of 2009; that he did not prove any substantial benefit to himself; and that the loss of the tax deduction would significantly harm Wendy because it would reduce her net tax refund by $1,545.00.

3

The record reflects that Robert's child support contribution is 67.53% of the total child support obligation and that he is not presently in arrears on his obligation. Colleen Keller, who has prepared tax returns for the Hagans for several years, testified that, for the year 2008, if Wendy claimed all three children her federal refund would be $6,326.00 and that she would owe the State $36.00; however, if Wendy claimed only two of the children, her federal refund would be $4,801.00 and that she would owe the State $56.00. She also testified that while she did not make the same calculations to determine the impact on Robert, there could be a bigger difference to Robert than to Wendy but that all kinds of variables figured into the calculation.

With respect to the decision to award a parent the right to claim a child as a deduction for tax purposes, the trial judge's order is generally "entitled to great weight and will not be disturbed on appeal absent clear abuse of discretion." *Westcott v. Westcott*, 04-2298, p. 4 (La.App. 1 Cir. 11/4/05), 927 So.2d 377, 379. The trial judge stated that the evidence showed that to allocate all three deductions to Robert would substantially benefit him but significantly harm Wendy but that to allocate one deduction to Robert would not significantly harm Wendy. The trial judge, therefore, ordered that Wendy could claim two of the children and that Robert could claim one of the children each year beginning with the year 2010. We do not find an abuse of the trial judge's discretion in this regard.

Wendy finally argues that the trial judge should have awarded her some form of compensation for the loss of the tax deduction. She cites two fourth circuit cases, *Rovira v. Mire*, 587 So.2d 149 (La.App. 4 Cir. 1991) and *Zatkis v. Zatkis*, 632 So.2d 307 (La.App. 4 Cir. 1993), *writs denied*, 94-157, 94-993 (La. 6/24/94), 640 So.2d 1340, 1341, for this proposition. However, under the "law of the circuit" rule, these cases are persuasive rather than controlling authority. We find nothing in the statutes requiring an award of such compensation. "[T]he standard of review in a child support case is manifest error. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error." *State, Dep't of Soc. Servs. ex rel. D.F. v. L.T.*, 05-1965, p. 4 (La. 7/6/06), 934 So.2d 687, 690.

In this case, we find no abuse of discretion or manifest error in the trial judge's determination of the amount of child support to be paid by Robert, in its allowing Robert to claim one of the three children as a dependent on his income tax returns, or in its declining to award any amount in compensation for the loss of the tax deduction for one child to Wendy.

## DECREE

For all of the foregoing reasons, we affirm the trial judge's rulings. Costs of this appeal are assessed to Plaintiff/Appellant, Wendy Hicks Hagan.

**AFFIRMED.**

WENDY HICKS HAGAN

VERSUS

ROBERT GENE HAGAN

**THIBODEAUX, Chief Judge, dissenting in part.**

I disagree that Robert is entitled to claim one of the three children as a dependent on his tax return. Louisiana Revised Statutes 315.18(A) states that it is a presumption in Louisiana that the domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. The statute provides that a non-domiciliary party, such as Robert, could claim the tax deductions under the following circumstances:

> B (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
>
> (a) No arrearages are owed by the obligor.
>
> (b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.

La.R.S. 315.18.

This court has held that an allocation of tax exemptions to a non-custodial parent is a deviation from child support guidelines for which the trial judge must give written reasons. *Greene v. Greene*, 93-789 (La.App. 3 Cir. 3/2/94), 634 So.2d 1286, *amended* 638 So.2d 1245. Moreover, the fifth circuit recently held that

"the party seeking to have the dependent deduction taken away from a domiciliary parent has the burden of proving that no arrearages are owed and that it would substantially benefit the non-domiciliary party without significantly harming the domiciliary party." *State Dep't. of Soc. Servs. v. Mason*, 09-1088, p. 8 (La.App. 5 Cir. 6/29/10), 44 So.3d 744, 749 (citing *State ex. rel. Dillashaw v. Brinson*, 02-896 (La.App. 1 Cir. 4/2/03), 843 So.2d 1154).

Here, Robert's child support contribution is greater than fifty percent, and the record indicates that he is not in arrearages on his obligations. Thus, the issue of tax deductions hinges on whether awarding the deduction to Robert would help Robert without significantly harming Wendy. It was incumbent on Robert to introduce evidence showing that the state and federal income tax deductions would substantially benefit him without substantially harming Wendy. He did not. Robert neither presented sworn testimony nor introduced exhibits such as his tax returns. In contrast, Wendy offered both the sworn testimony of her accountant as well as detailed tax scenarios showing the harm caused to Wendy by the award of the tax deductions to Robert. While the trial court articulated that evidence existed that established that allocation of one deduction to Robert would not significantly harm Wendy, I find that the record is devoid of such evidence. Thus, I would reverse the trial court's award of the tax deduction of Alaina Hagan to Robert Hagan.

For the foregoing reasons, I respectfully dissent in part.