# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-615

STATE OF LOUISIANA

VERSUS

KENDRICK ALEXANDER

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 01-N-686
HONORABLE JAMES RAY MCCLELLAND, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Nicole Burke**
**Assistant District Attorney, Sixteenth Judicial District Court**
**300 Iberia Street Room 200**
**New Iberia, LA 70560**
**(337) 369-4434**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**La'Derical Wagner**
**Attorney at Law**
**400 Willow Street**
**Franklin, LA 70538**
**(337) 828-2788**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kendrick Alexander**

**GREMILLION, Judge.**

The defendant, Kendrick Alexander, appeals the trial court's judgment obligating him to pay $461.00 per month in child support. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2001, the State of Louisiana brought an action for criminal neglect of family, in violation of La.R.S. 14:74, for Alexander's failure to pay child support for his minor child in necessitous circumstances. In August 2013, the State filed a motion to modify the previous order, seeking to calculate and add child support to the existing medical support. In November 2013, the hearing officer's joint obligation worksheet indicated a child support obligation owed by Alexander of $461.00 with payments to begin in December 2013.[1] Alexander appealed the hearing officer's recommendation. Following a February 2014 hearing, the trial court "accepted, approved and confirmed" the hearing officer's recommendation of $461.00 per month. Alexander now appeals and argues that the trial court "erred in allowing the Labor Guide to be used to determine [his] income without regard to self-employed expenses or his tax returns warranting a de novo review of his child support obligation."

## DISCUSSION

Louisiana Revised Statutes 9:315 et seq. set forth the child support guidelines. The trial court is granted great deference in fixing a child support award, and its determination of a parent's gross monthly income and his/her credibility is subject to a manifest error review. *Hagan v. Hagan*, 10-1432

---

[1]We note that the original worksheet indicated an award of $461.06; however, subsequent paperwork refers to the payment of $461.00, which is the figure we will use.

(La.App. 3 Cir. 7/27/11), 70 So.3d 1081; *State, Dep't of Soc. Servs. v. Swords*, 08-580 (La.App. 3 Cir. 11/5/08), 996 So.2d 1267.  The trial court has broad discretion in determining which figures are appropriate to use when calculating a parent's monthly gross income.  *Hagan*, 70 So.3d 1081.

Gross income is defined in La.R.S. 9:315 (C)(3) as:

(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;

(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses.  Such payment include but are not limited to a company care, free housing, or reimbursed meals; and

(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or partnership or closely held corporation.  "ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses of investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.

Louisiana Revised Statute 9:315.1.1(3) pertains to evidence allowed to support the determination of income and allows for "[t]he standard of living and assets of the obligor both prior and subsequent to the establishment of a child support order, to establish the actual income if the amount claimed is inconsistent with his lifestyle."

2

The State set Alexander's monthly income at $3,077.00 based on the Department of Labor Guide for mechanic, paint, and body work. Alexander, who was forty years old at the time of the hearing, testified that he is self-employed and owns Silverback Auto Body, a paint and body shop located in Baton Rouge, Louisiana. He said that he operates only one garage stall and only does painting. Although Alexander plans to become certified in body work, he stated that he currently subs out any dent repairs, collision repairs, and framework. Alexander reviewed tax returns for his business beginning in 2011, in which he reported an adjusted gross income of -$2,790.00. In 2012, he claimed an adjusted gross income of $9,980.00. For the year 2013, he claimed an adjusted gross income of $13,790.00. Alexander further stated that he has a dealership license and plans to purchase cars at auction and resell them for a fee.

On cross-examination, Alexander claimed to not have a car of his own, but he did have access to a Bentley via his girlfriend, La'Derical Wagner. When questioned if he drives a Mercedes with a dealer's license plate, Alexander said that he had a Mercedes, but it was for his friend. Alexander further testified that he has five children. He said that he gives the four children who were not subject to this proceeding money and "whatever they need, whenever they need it." Alexander went on to testify regarding his various felony convictions and stated that he used to play poker and bet pretty high, but he quit.

Monica Francois, the mother of the child for whom the support order was issued, testified that she believed Alexander was hiding money from the State. She said that Alexander has picked up their daughter in a Masarati and a Mercedes. Francois said that the Mercedes is registered under his sister's name, but it belongs to Alexander. She further testified that he has a Bentley. She said that Alexander

has taken their daughter on trips every year to places such as Disney World, Las Vegas, and California. She further stated that Alexander bought their daughter expensive shoes, purses, watches, and belts. She said that he owns a condominium in Baton Rouge, Louisiana.

Francois testified regarding various photos submitted into evidence showing him pumping gas into the Bentley, his Mercedes S550 with a dealer plate, and their daughter in a Limo provided by Alexander. The identical dealer plates were noted on the Mercedes and Bentley.

The State testified that it used a compilation from the Louisiana Occupational Employment and Wages from the Louisiana Workforce Commission for 2012. The State arrived at a figure of $35,000 as an average yearly wage for automotive body and related repairs and automotive service technicians and mechanics.

At the conclusion of the hearing, the trial court noted that it did not find Alexander's testimony to be believable and that his actual income could not be established by his tax returns. The trial court stated, pertaining to his 2012 tax return in particular:

> I don't believe that anybody that has a taxable income of $230.00 is driving any Bentley's [sic] or Mercedes, or Maserati's [sic] or anything of that nature.

> I find the defendant's testimony to not be believable in this case, and I believe that his actual income cannot be established by his tax returns, and I believe that the method used by the State is appropriate in this matter.

Based on our review of the record, we find no manifest error in the trial court's finding. Alexander's lifestyle is simply inconsistent with his claimed income. Accordingly, the judgment of the trial court affirming the hearing officer's child support award of $461.00 per month is affirmed.

**AFFIRMED**.