# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 20-195

LINDLEY SCOTT HOLLEMAN

VERSUS

NATALIE LOUISE BARRILLEAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 122476
HONORABLE VINCENT J. BORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**Edward Paul Landry**
**Landry, Watkins, Repaske & Breaux**
**Post Office Box 12040**
**New Iberia, Louisiana 70562-2040**
**(337) 364-7626**
**ATTORNEY FOR APPELLANT:**
     **LINDLEY SCOTT HOLLEMAN**

**Jack D. Miller**
**Nicole B. Breaux**
**415 N. Parkerson Avenue**
**Crowley, Louisiana 70526**
**(337) 788-0768**
**ATTORNEYS FOR APPELLEE:**
     **NATALIE LOUISE BARRILLEAUX**

**PERRY, Judge.**

Lindley Scott Holleman ("Holleman") appeals the trial court's denial of his motion for reduction of child support for failure to prove a material change in circumstances. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Holleman and Natalie Louise Barrilleaux ("Barrilleaux") are the parents of a minor daughter, R.G.B., who was born on July 3, 2012. On September 11, 2013, the trial court heard evidence of the monthly incomes of the parents and set Holleman's child support obligation at $1,922.95. After Barrilleaux appealed that judgment, this court raised Holleman's monthly child support to $4,161.31 per month to reflect Holleman's interests in undistributed profits in Hollemire International, LLC ("Hollemire International"), a limited liability company in which he held a fifty percent interest. *Holleman v. Barrilleaux*, 14-499 (La.App. 3 Cir. 11/19/14), 161 So.3d 789.

On June 27, 2018, Holleman filed yet another rule to show cause[1] why his monthly child support obligation should not be reduced.[2] As his basis for the

---

[1] Since this court's ruling in 2014 which raised Holleman's monthly child support obligation, Holleman has filed two motions seeking a reduction in his monthly child support obligation. The most recent trial court judgment was appealed and is currently before this court. *See Holleman v. Barrilleaux*, No. 20-194. That case was argued at the same time as this matter and a separate opinion will be issued in both.

[2] After referencing the monthly child support payment established in this court's 2014 judgment, Holleman states, "[t]here has been a change in circumstances between the time of the previous judgment and the time this motion for decrease was filed[.]" It is well established in La.R.S. 9:311(A)(1) that if a party seeks a modification in an award of child support, it must be shown that a material change in circumstances has occurred *between the time of the previous award and the time of the rule for modification*. Just prior to filing this motion to reduce child support, Holleman had filed a like motion in 2017 that resulted in a 2018 judgment adverse to Holleman. As noted above, that 2018 judgment is now before us. In the present case, we find it inconsequential that Holleman has used our 2014 judgment as the benchmark rather than the 2018 judgment; in either case the base amount sought to be modified stayed the same as were the questions about whether Holleman carried his burden of proving his gross income. Moreover, because that 2018 judgment and the transcript are now before us, we have taken judicial notice of the transcript of this other appeal. *See* La.Code Evid. art. 202(C); *see also 727 Toulouse, L.L.C. v. Bistro at the Maison De Ville, L.L.C.*, 12-1014 (La.App. 4 Cir. 8/21/13), 122 So.3d 1152, *writ denied*, 13-2414 (La. 1/10/14), 130 So.3d 327 (holding that a court may take judicial notice where

reduction, Holleman alleged a change in income as well as a serious downturn in the oilfield industry[3] that seriously affected his income.

On September 12, 2018, the trial court heard the testimony of the parents, Holleman and Barrilleaux, and took the matter under advisement. Thereafter on May 28, 2019, the trial rendered a judgment with written reasons, denying Holleman's motion for reduction of child support.

On July 17, 2019, Holleman filed a motion for appeal. Holleman assigns as error that: (1) the trial court incorrectly denied his motion for a reduction in his child support payments by failing to consider his actual gross income; and (2) the trial court incorrectly relied on information other than his actual income to deny his request for a decrease in his child support.

## DISCUSSION

Holleman contends the trial court manifestly erred when it found he failed to prove his employment circumstances materially changed sufficient to decrease his monthly child support obligation. He argues that it was unrefuted that he no longer had a financial interest in Hollemire International or any other business entity, that his only income was with Cardinal Coil Tubing, LLC ("Coil Tubing"), and that his child support obligation should have been lowered to $915.20, the amount found by the hearing officer.

Barrilleaux contends the trial court had to make credibility determinations about Holleman's gross monthly income, and its assessment was not manifestly erroneous. She further argues that Holleman failed to provide documentation and

the adjudicative facts in the prior case are within the general and specific knowledge of the court and the attached transcript of the hearing and ruling in that case cannot reasonably be questioned as accurate).

[3] Even though this allegation was made and was generally stated in Holleman's trial testimony, proof of this unadjudicated factual assertion was never offered.

2

proof as required in La.R.S. 9:315.2 regarding his contention that he no longer had an ownership interest in Hollemire International or any other business entity.

Louisiana Civil Code Article 224 recognizes that "[p]arents are obligated to support, maintain, and educate their child." Likewise, La.Civ.Code art. 142 provides that "[a]n award of child support may be modified if the circumstances of the child or of either parent materially change[.]" The applicable burden of proof is governed by La.R.S. 9:311(A)(1), which provides that

> [a]n award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award. The material change in circumstances must be substantial and continuing since the last award for support.

The moving party must show either a change in the obligee's needs or the obligor's ability to pay. *Williams v. Poore,* 10–1087 (La.App. 4 Cir. 1/12/11), 55 So.3d 953.

"Louisiana's uniform child support guidelines were enacted to provide 'adequacy and consistency in child support awards.'" *Lea v. Sanders*, 04-762, 04-1122, p. 6 (La.App. 3 Cir. 12/22/04), 890 So.2d 764, *quoting Guillot v. Munn,* 99-3132, p. 9 (La. 3/24/00), 756 So.2d 290, 297, *writ denied*, 05-183 (La. 3/24/05), 896 So.2d 1046. The trial court is granted great deference in fixing a child support award, and its determination of a parent's gross monthly income and his/her credibility is subject to manifest error review. *Hagan v. Hagan,* 10-1432 (La.App. 3 Cir. 7/27/11), 70 So.3d 1081; *State, Dep't of Soc. Servs. v. Swords,* 08-580 (La.App. 3 Cir. 11/5/08), 996 So.2d 1267.

In support of his motion for a reduction of his monthly child support obligation, Holleman denied having any current income from several former business entities which had been identified in his past child support hearings, namely: Hollemire International, the James and Kelly Holleman Family Trust, LLC ("Family

3

Trust"), and Private Workforce Solutions, LLC. Instead, Holleman testified that his only income was his employment with Coil Tubing. A letter dated March 2, 2018, from Coil Tubing was entered into evidence. The letter stated:

> Mr. Lindley Holleman is being hired as an Equipment Operator and his date of hire will be 03/05/18. As an Equipment Operator his hourly pay rate will be $15.00. The average hours worked are 60 hrs., which would be 40 hours paid as straight and 20 hours paid at time and a half pay rate. Equipment Operators are only guaranteed 20 hours pay per week when not working.

In addition, Holleman introduced his bank statements from Community First Bank for March 20, 2018 and May 20, 2018 through August 20, 2018. Each of those bank statements show that more money was withdrawn than was deposited.[4]

Finally, Holleman presented his 2017 tax returns. That evidence was entered with the joint stipulation that "they were based solely on information provided by Lindley Holleman." Although there was no expert testimony regarding these returns, several line items bear notation: adjusted gross income is shown as $24,769.00; and itemized deductions are totaled as $40,003.00 (consisting, in part, of: $23,382.00 for income taxes and real estate taxes; $13,706.00 for investment interest; and $2,915.00 for investment expenses).

Against that factual backdrop, we call to mind the onerous task before a trial court in its determination of child support and the burden of proof required of the mover in seeking a reduction of that child support obligation by having to show a material change of circumstances. Whether we consider our judgment of 2014, which initially set Holleman's child support, or Holleman's two subsequent failed

---

[4] The record shows deposits and withdrawals/overdrafts as follows: between February 21 and March 20, 2018: deposits of $6,852.52 and withdrawals/overdrafts of $7,392.08; between April 23 and May 20, 2018: deposits of $3,303.66 and withdrawals/overdrafts of $4,808.77; between May 21 and June 20, 2018: deposits of $1,401.99 and withdrawals/overdrafts of $3,427.91; between June 21 and July 22, 2018: deposits of $6,226.97 and withdrawals/overdrafts of $6,771.02; and between July 23, 2018 and August 20, 2018: deposits of $6,429.38 and withdrawals/overdrafts of $7,313.07.

attempts to reduce that obligation, decisions that left in place our earlier award, it

was Holleman's burden to prove his entitlement to a child support reduction.

In *Stogner v. Stogner*, 98-3044, pp. 5-6 (La. 7/7/99), 739 So.2d 762, 766–67,

our supreme court stated:

> The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. *Hogan v. Hogan*, 549 So.2d 267 (La.1989). As a complement to that obligation, La.R.S. 9:315–315.15 provides a detailed set of guidelines that the courts are mandated to follow in setting the amount of child support in "any proceeding to establish or modify child support filed on or after October 1, 1989." La.R.S. 9:315.1(A); *Hildebrand v. Hildebrand*, 626 So.2d 578 (La.App. 3 Cir.1993). These child support guidelines were enacted in 1989 for a twofold purpose: to address the inconsistency in the amounts of child support awards and as an appropriate solution to the inadequacy of the amounts of these awards. Nations, *Louisiana's Child Support Guideline: A Preliminary Analysis*, 50 La.L.R. 1057, 1058 (1990); *see also* The Family Support Act of 1988, Pub.L. 100–485, 102 Stat. 2343 (1988). Under this system of guidelines, the Legislature adopted an income shares approach which combines the adjusted monthly gross income of both parties in arriving at the amount of support owed. BLAKESLY, LOUISIANA FAMILY LAW, § 16.09.1 at 16–19 (Michie 1996). . . . Moreover, the parental obligation to pay child support must be implemented within the body of law contained in the Louisiana *Child Support Guidelines*. La.Civ.Code arts. 227–231; La.R.S. 9:315, *et seq.*; *State in Interest of Travers*, 28,022 (La.App. 2 Cir.12/6/95), 665 So.2d 625; BLAKESLY, LOUISIANA FAMILY LAW, § 16.09.1 at 16–19 (Michie 1996). As such, the guidelines are intended to fairly apportion between the parents the mutual financial obligation they owe their children, in an efficient, consistent, and adequate manner. *State in Interest of Travers*, 665 So.2d 625.

Louisiana Revised Statutes 9:315.2(A) addresses the appropriate

documentation for determining a child support obligation and provides, in pertinent

part:

> Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. . . . Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state

and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party.

In the present case, the designated record now before us fails to show Holleman presented a verified income statement. Instead, he relied upon his 2017 tax return and his current employment with Coil Tubing. Commenting on this in its written reasons for judgment, the trial court stated:

> Mr. Holleman alleges that he is no longer employed or had any ownership interest in a company known as Hollemire, LLC, instead, employed as a coil tubing hand for Cardinal Coil Tubing, LLC making $15.00 an hour. According to the Hearing Officer Conference Report[,] it was determined that Holleman had a monthly income of $2,600.[5] It was later stipulated between the parties that Holleman's monthly income with benefits from his employer, Cardinal Coil Tubing, LLC totaled $3,174.74. There was no stipulation that this was Holleman's only income.
>
> . . . .
>
> At the hearing of this matter, Mr. Holleman repeatedly testified that he has no other source of income. However, he did testify that his parents will help him out if he needs help with bills, and when confronted with certain transactions on his bank statement, specifically a $10,000 deposit on February 26, 2018, of which $4,000 was taken in cash, admitted that his parents sometimes give him money when he is "in a bind." Further Mr. Holleman testified that he borrowed money from his parents in order to pay off his last child support arrearages of $63,000.00.
>
> . . . .
>
> This is the third time Mr. Holleman has sought a decrease in child support alleging the same facts. However, the only evidence Mr. Holleman has produced with regards to this request is his own self-serving testimony, his check stubs from Cardinal Tubing, his bank statements from February 21 to August with no April statement, and his

---

[5] Included in the Hearing Officer Conference is this statement:

> The Hearing Officer is skeptical that this is the Father's **_actual_** income and is inclined to believe that his earning capacity is substantially greater, but will find, for the purpose of calculating child support at this time, that the average monthly income of the Father is determined to be $2,600.00. This income represents 40.52% of the combined income of the parties.

2017 tax returns that were submitted with the stipulation that they were based solely on information provided by Mr. Holleman. He has repeatedly testified that he no longer owns or receives money from Hollemire, LLC, however, the only evidence he has provided to support that allegation is his own self-serving testimony. He also alleges that he no longer owns or receives money from Workforce Solution, LLC, or The James A. and Kelly S. Holleman Family, LLC, but the only evidence he has provided to support that allegation is his own self-serving testimony. It raises the question that if his only source of income is Cardinal Tubing for roughly $2,600 a month, where the $10,000 deposit came from.

. . . .

Therefore, based on the evidence presented and submitted, that Mr. Holleman has not presented sufficient evidence to support a finding that his income has decreased warranting a decrease in child support. This Court finds that based on the totality of the circumstances, that the Mover did not successfully establish his income in its entirety, as evidenced by Mover's bank statements and testimony. Mover's spending habits support a belief that he has access to more money than he is alleging. Therefore, the Court finds that the Mover did not meet his burden of proof by presenting sufficient evidence to support a finding that there has been a material change in circumstances warranting a decrease in child support.

"Documentation is essential to the setting of child support." *Drury v. Drury*, 01–877, p. 7 (La.App. 1 Cir. 8/21/02), 835 So.2d 533, 539. In *State in the Interest of Joseph,* 97–780, p. 4 (La.App. 4 Cir. 12/23/97), 705 So.2d 776, 779, the appellate court stated:

Clearly, the language of the governing statutes [La.Rev.Stat. 9:315-315.47] indicates that the legislature did not intend for child support obligations to be arbitrarily established ... by the parties. Instead it is the trial court's responsibility to calculate the basic child support obligation. LSA–R.S. 9:315.2(D). In establishing or modifying a basic child support obligation it is incumbent upon the trial court to examine the income and financial status of both parties. In order to do so the trial court must examine the income statements of both parties.

Holleman's self-serving effort in attempting to prove his disassociation from Hollemire International and other income streams could have been met had he provided the trial court with the various documents referenced in La.R.S. 9:315.2; he chose otherwise. Likewise, as to the $10,000.00 deposit referenced in the trial

7

court's written reasons, Holleman, without any documentation, asserted that he had cashed in his 401(k) because he needed money. Considering Holleman's repeated difficulties of proof in his earlier attempts to reduce his child support obligation, more than his self-serving testimony was needed to prove the source of that significant deposit. As observed in *Jackson v. Belfield*, 98-440, p. 6 (La.App. 4 Cir. 11/25/98), 725 So.2d 32, 35, "[The father's] lack of cooperation and failure to comply with [La.R.S. 9:315.2] made it impossible for the trial court to establish his income with any degree of confidence. Such obstructiveness must not be rewarded; it should neither be allowed to inure to him nor to disadvantage his daughter." Those same tenets are applicable here.

Moreover, the trial court observed, for the first time, that Holleman's spending habits belied his allegation that his assets were limited. Under the provisions of La.R.S. 9:315.1.1(3), the trial court properly assessed Holleman's standard of living and assets both prior and subsequent to the establishment of the child support order to reach a conclusion regarding his actual income since "the amount claimed is inconsistent with his lifestyle." *See e.g., State v. Alexander*, 14-615 (La.App. 3 Cir. 11/5/14), 150 So.3d 679.

For the foregoing reasons, it is clear the trial court was not manifestly erroneous in denying Holleman's motion to reduce his child support obligation. This trial court was very familiar with Holleman, his credibility, the issues of proof required in La.R.S. 9:315.2(A), and Holleman's past and present failures of proof. Therefore, we find no manifest error in the trial court's rejection of Holleman's motion to reduce his child support obligation.

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**