# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

**24-326**

**AMBER LEIGH FRANKLIN**

**VERSUS**

**CHRISTOPHER BRIAN SHOTWELL**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2023-4228
HONORABLE MITCHELL REDD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHARON DARVILLE WILSON**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.

**AFFIRMED.**

**Jared W. Shumaker**
**Devin Fontenot**
**FONTENOT & SHUMAKER, LLC**
**2706 Hodges Street**
**Lake Charles, LA  70601**
**(337) 508-2627**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Amber Leigh Franklin**

**Aaron Broussard**
**BROUSSARD INJURY LAWYERS**
**1301 Common Street**
**Lake Charles, LA  70601**
**Phone: 337-439-2450**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Christopher Brian Shotwell**

**Kilburn S. Landry**
**THE JOHNSON FIRM**
**1419 Ryan Street**
**P.O. Box 849**
**Lake Charles, LA  70602**
**(337) 433-1414**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Christopher Brian Shotwell**

**WILSON, Judge.**

Plaintiff, Amber Leigh Franklin, appeals the judgment of the trial court granting Defendant's, Christorpher Brian Shotwell, exception of peremption and dismissing Ms. Franklin's petition to revoke the acknowledgment of paternity with prejudice.  For the reasons expressed below, we affirm the judgment of the trial court.

I.

**ISSUES**

On appeal, Ms. Franklin asserts the following assignments of error:

(1) the trial court erred by failing to consider generally, Amber Leigh Franklin's First Amended and Supplemental Petition to Revoke the Acknowledgement of Paternity, and the verified allegations made therein, and in the affidavit attached thereto;

(2) the trial court erred by failing to consider verified allegations of abuse, fraud and duress contained in Franklin's First Amended and Supplemental Petition to Revoke the Acknowledgment of Paternity, and the affidavit attached thereto;

(3) the trial court erred when it found that Amber Leigh Franklin's action to revoke the acknowledgment of paternity was perempted without basing such peremption on any Louisiana law, codal authority, statute, or jurisprudence constante which that sets forth a peremptive period for actions under La. R.S. 9:406(B);

(4) the trial court erred when it found that Amber Leigh Franklin's imprescriptible action to revoke a notarial act of acknowledgment pursuant to La.R.S. 9:406(B) was perempted;

(5) the trial court erred by applying the peremptive period set forth in La.Civ.Code art. 195 to the facts of this case;

(6) the trial court erred when it found a presumption of paternity existed in favor of Christopher Brian Shotwell;

(7)     the trial court erred when it found that Christopher Brian Shotwell, the alleged father, could avail himself of a presumption of paternity purportedly created by the notarial act of acknowledgment in contravention of La.Civ.Code art. 196; and

(8)     the trial court erred by addressing issues of estoppel and unclean hands at the hearing on exceptions without hearing testimony.

II.

## FACTS AND PROCEDURAL HISTORY

On August 6, 2008, Ms. Franklin gave birth to a son, Aiden. In November of 2008, Ms. Franklin divorced her then husband, David Brunnabend. Ms. Franklin gave birth to another son, Carter, in June 2011. In May of 2012, Ms. Franklin and Mr. Shotwell were married. The couple later separated, and Mr. Shotwell filed a petition for custody of Aiden and Carter on June 27, 2013. On May 21, 2014, Mr. Shotwell was awarded joint custody of the children and designated the domiciliary parent with Ms. Franklin to have supervised visitation with the children at the discretion of Mr. Shotwell. On May 28, 2014, David Brunnabend signed an acknowledgement of paternity affidavit certifying that he was married to Ms. Franklin at the time of Aiden's birth, but that he is not the biological father of the child. On August 13, 2014, Mr. Shotwell and Ms. Franklin signed the same affidavit certifying that they are the mother and father of Aiden and consenting to have Mr. Shotwell listed as the father on Aiden's birth certificate.

On November 12, 2022, Aiden was involved in an automobile-pedestrian accident with a Westlake police vehicle while crossing the road. On December 15, 2022, Aiden died from his injuries. On May 2, 2023, Ms. Franklin filed a wrongful death and survival action following Aiden's death. Shortly thereafter, Mr. Shotwell also filed a wrongful death and survival action. The matters were consolidated and

2

Ms. Franklin asserted that Mr. Shotwell is not a member of the class of persons set forth in La.Civ.Code arts. 2315.1 and 2315.2. Those matters are currently stayed.

On November 8, 2023, Ms. Franklin filed a Petition to Revoke the Acknowledgment of Paternity under the provisions of La.R.S. 9:406(B)(1) on the grounds that Mr. Shotwell is not the biological father of Aiden. On January 9, 2024, Mr. Shotwell filed Exceptions to Petition to Revoke Acknowledgement of Paternity asserting the petition was barred by peremption, barred/estopped by the clean hands rule, fails to name all indispensable parties to the action, and makes unauthorized use of summary proceedings. On February 5, 2024, Ms. Franklin filed a First Amended and Supplemental Petition to Revoke the Acknowledgement of Paternity, adding David Brunnabend and DCFS as defendants and adding allegations of abuse by Mr. Shotwell.

The exceptions were heard by the trial court on March 14, 2024. The trial court ruled that the exceptions of failure to join indispensable parties and improper use of summary proceedings were mooted by the filing of an amended petition. The trial court granted the exception of peremption and dismissed the Petition to Revoke Acknowledgement of Paternity with prejudice. All costs were assigned to Ms. Franklin. The judgment was signed on March 27, 2024. Ms. Franklin now appeals and requests that this court reverse the judgment granting the exception of peremption and render judgment ordering Mr. Shotwell to submit to genetic testing.

III.

**STANDARD OF REVIEW**

The appellate standard of review for the granting of an exception of peremption is determined by whether evidence was adduced at the hearing.

> If evidence is introduced at the hearing on the peremptory exception of peremption, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Rando [v. Anco*

3

*Insulations, Inc.*, 08-1163 (La. 5/22/09),] 16 So.3d [1065] at 1082. If those findings are reasonable in light of the record reviewed in its entirety, an appellate court cannot reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

*Lomont v. Bennett*, 14-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627, *cert. denied*, 577 U.S. 1139, 136 S.Ct. 1167 (2016). In this case, evidence was introduced and considered at the hearing of the exception. Accordingly, the manifest error standard applies.

IV.

## LAW AND DISCUSSION

The crux of Ms. Franklin's appeal is whether the exception of peremption was properly granted. On appeal, Ms. Franklin argues that an action pursuant to La.R.S. 9:406 is subject to neither prescription nor peremption. Louisiana Revised Statutes 9:406 provides, in pertinent part:

> A. (1) A person who executed an authentic act of acknowledgment may, without cause, revoke it within sixty days of the execution of the authentic act of acknowledgment:
>
> . . . .
>
> B. (1) If the notarial act of acknowledgment has not been revoked within sixty days in accordance with the provisions of Subsection A of this Section, a person who executed an authentic act of acknowledgment may petition the court to annul the acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error, or that the person is not the biological parent of the child.

The legislative comments to the 2016 amendment of La. R.S. 9:406 state:

> The 2016 revision repeals the two-year prescriptive period previously imposed for revocation of authentic acts of acknowledgment. That prescriptive period was illogical where the acknowledgment was executed by a man who was not the father of the child. The Louisiana Supreme Court has held the execution of such an acknowledgment to be an absolute nullity absent the requisite biological relationship supporting it. *Succession of Robinson*, 94-2229 (La. 5/22/95), 654 So. 2d 682. To speak of prescription when a father seeks a declaration of

4

absolute nullity is inappropriate, as absolute nullities are imprescriptible. La. C.C. art. 2032.

Ms. Franklin is correct that an action under La.R.S. 9:406 is imprescriptible, as an absolute nullity is imprescriptible by nature. La.Civ.Code art. 2032. This court, however, has previously found that an action under La.R.S. 9:406 may still be perempted under other provisions of the law. In *Wetta v. Wetta*, 21-92 (La.App. 3 Cir. 6/2/21), 322 So.3d 365, *writ denied*, 21-940 (La. 10/19/21), 326 So.3d 255, this court faced a similar situation involving peremption and La.R.S. 9:406. In that case, Mr. Wetta executed an acknowledgement of paternity affidavit acknowledging the paternity of his wife's daughter despite knowing that he was not the biological father of the child. After Mrs. Wetta filed for divorce and sought child support from Mr. Wetta, Mr. Wetta filed a motion to revoke and annul the act of acknowledgement and disavow paternity. The trial court granted Mrs. Wetta's exception of peremption and dismissed Mr. Wetta's motion.

On appeal, this court reasoned that,

[T]he court is to consider pleadings not by the caption but by the body of the document in order to ascertain their substance and to do substantial justice to the parties. *Alexander v. Blade*, 20-337 (La.App. 3 Cir. 12/16/20), 310 So.3d 232. In Mr. Wetta's petition he prays that the trial court issues a ruling "decreeing that Petitioner, is not the father of the minor child..." Mr. Wetta filed the petition after Mrs. Wetta moved for child support. It is clear to this court, as it was to the trial court, that Mr. Wetta did not simply intend to revoke or annul his act of acknowledgment but ultimately his goal was to disavow A.S. More importantly, Mr. Wetta cannot annul or revoke his act of acknowledgment without a resulting disavowal of paternity. As will be discussed below, revoking or annulling an acknowledgement of paternity affidavit would result in rebutting the presumption of paternity created by La. Civ. Code art 195. The legislature has provided laws as to how the presumption of paternity can be rebutted, which explicitly includes La.R.S. 9:406(B). Therefore, the trial court did not err in treating this matter as a disavowal action because ultimately that is the result being sought by Mr. Wetta's petition.

*Wetta,* 322 so.3d. at 370–71.

5

Because the matter was treated as a disavowal action, the peremptive period of La.Civ.Code art. 195 applied. Louisiana Civil Code Article 195 states:

> A man who marries the mother of a child not filiated to another man and who, with the concurrence of the mother, acknowledges the child by authentic act is presumed to be the father of that child.

> The husband may disavow paternity of the child as provided in Article 187. Revocation of the authentic act of acknowledgment alone is not sufficient to rebut the presumption of paternity created by this Article.

> The action for disavowal is subject to a peremptive period of one hundred eighty days. This peremptive period commences to run from the day of the marriage or the acknowledgment, whichever occurs later.

Mr. Wetta's petition was filed more than three years after he signed the act of acknowledgment, well beyond the one hundred and eighty day peremptive period and thus his right to disavow paternity was extinguished. This court held that, "Mr. Wetta, despite being aware that he was not the biological parent, accepted the responsibility of being a parent to A.S. and, as the legislature intended, La.Civ. Code art. 195 prevents him from abandoning his commitment to A.S. at his own convenience." *Wetta,* 322 so.3d. at 374.

Ms. Franklin cites *Kelley v. Kelley*, 55,358 (La.App. 2 Cir. 12/20/23), 376 So.3d 320, for the proposition that an action under La.R.S. 9:406 is not subject to peremption. In that case, Mr. Kelley acknowledged the two daughters of his wife despite knowing that he was not the biological father. After the couple separated and Mrs. Kelley sought an order of child support, Mr. Kelley filed a petition to revoke his acknowledgement. Despite being factually similar to *Wetta*, the second circuit declined to follow the rationale set forth therein, and held that,

> Nonetheless, in keeping with the rationale set forth in *Succession of Robinson*[, 94-2229 (La. 5/22/95), 654 So. 2d 682], and reiterated in *McKinley*[ *v. McKinley*, 22-0132 (La. App. 1 Cir. 9/16/22), 352 So. 3d 1001] and *Barras*[ *v. O'Rourke,* 19-412 (La. App. 3 Cir. 12/18/19), 287 So. 3d 817], we find that Steven's acknowledgments are absolute nullities, and as such, productive of no legal effects from their execution.

6

*Kelley*, 376 So.3d at 324

We find that the second circuit's reliance on *Succession of Robinson, McKinley* and *Barras* was misplaced. As noted in Judge Pitman's dissent in the case,

> *Succession of Robinson* . . . was decided by the Louisiana Supreme Court in 1995 and deals with forced heirship in a succession contest. It is not relevant to Article 195, which was enacted in 2005 and allows for acknowledgment of unfiliated children with the concurrence of their mother and creates a presumption of paternity that is perempted if not disavowed within 180 days. The majority is also incorrect in relying on *McKinley v. McKinley*, 22-0132 (La. App. 1 Cir. 9/16/22), 352 So. 3d 1001, and *Barras v. O'Rourke*, 19-412 (La. App. 3 Cir. 12/18/19), 287 So. 3d 817, which deal with the 2016 revision of La. R.S. 9:406. The case we are deciding was finished by peremption of the right to disavow in 2014, at the latest.

*Kelley,* 376 So.3d at 327.

Moreover, as the *Kelley* opinion comes out of the second circuit, under the "law of the circuit" rule, we are not bound by the court's decision just as they were not bound to follow our decision in *Wetta.* *Hagan v. Hagan*, 10-1432 (La.App. 3 Cir. 7/27/11), 70 So.3d 1081. Our holding in *Wetta*, however, is the law of this circuit and we see no reason not to follow that decision in the instant case. We find this case to be a reverse to the situation in *Wetta*, and under the holding of *Wetta*, Ms. Fraklin's action is perempted.

Ms. Franklin argues that the factual scenarios in *Wetta* and this case are vastly different. First, she argues that the presumption established by La.Civ.Code art. 195 does not apply in this case because Aiden was filiated to another man when the acknowledgment was signed. When Aiden was born, Ms. Franklin was still married to David Brunnabend and under La.Civ.Code art. 185, Mr. Brunnabend was presumed to be the father of Aiden. However, three months prior to Mr. Shotwell and Ms. Franklin signing the acknowledgment of paternity, Mr. Brunnabend signed the affidavit certifying that he was married to the mother of the child at the time of

birth; however, he is not the biological father. Mr. Brunnabend's signature on the acknowledgement left Aiden not filiated to another man. Mr. Shotwell had married the mother of the child, acknowledged the child by authentic act with the concurrence of the mother, and at the time of the acknowledgement, Aiden was not filiated to another man. Thus, all the requirements of La.Civ.Code art. 195 were met by Mr. Shotwell, and he is the presumed father of Aiden.

The article clearly states that the husband may disavow paternity as provided in La.Civ.Code art. 187, and "[r]evocation of the authentic act of acknowledgment alone is not sufficient to rebut the presumption of paternity created by this Article." La.Civ.Code art. 195. "The action for disavowal is subject to a peremptive period of one hundred eighty days. This peremptive period commences to run from the day of the marriage or the acknowledgment, whichever occurs later." *Id.* Ms. Franklin's petition was filed over nine years after the signing of the acknowledgment of paternity, well after the one hundred and eighty day peremptive period provided in La.Civ.Code art. 195. Accordingly, Ms. Franklin's action is perempted.

Ms. Franklin also argues that this case is distinguishable from *Wetta* because that case involved an acknowledged father seeking to revoke solely on the grounds that he was not the biological father and this case involves a biological mother seeking to revoke an acknowledgment on the grounds of fraud, duress and that Mr. Shotwell is not the biological father. Ms. Franklin contends that La.Civ.Code art. 195 sets forth the time limitation for an acknowledged father's disavowal action not a mother's action and it is therefore inapplicable in this case. We disagree. Just as in *Wetta*, Ms. Franklin is not merely seeking to have the acknowledgement revoked, but she is ultimately seeking to rebut the presumption of paternity for Mr. Shotwell. Although the article contemplates a husband filing the action to disavow, the peremptive period contained in the article would apply in the case of a disavowal

8

action brought by the mother. The article is clear that the presumption created by it is only rebutted by a disavowal action brought within the stated peremptive period. If we were to find that the peremptive period did not apply in this case because it was brought by the mother, it would also follow that Ms. Franklin simply does not have a right of action to rebut the presumption of paternity created by La.Civ.Code art. 195, and as her petition to revoke is in essence seeking a disavowal, it would have to be dismissed on those grounds.

As to Ms. Franklin's claims that the acknowledgement should be revoked on the grounds of fraud and duress in addition to the fact that Mr. Shotwell is not the biological father, these additional grounds for revocation do not affect the application of the peremptive period of La.Civ.Code art. 195. "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La.Civ.Code art. 3458. Unlike prescription, "peremption may not be renounced, interrupted, or suspended." La.Civ.Code art. 3461. Regardless of the grounds for revocation, the action is perempted because it was not brought within the appropriate time.

Ms. Franklin also argues that there are different public policy issues at play in this case than in *Wetta*. She notes that in support of *Wetta*, Louisiana's public policy interest would not be served if acknowledged fathers were allowed to shirk their child support obligations and other fatherly duties by revoking an acknowledgment of paternity. She asserts that finding the matter perempted in her case would bolster perpetrators of domestic abuse, and reward culprits of severe parental alienation, but she does not explain how a finding of peremption would have such results.

We find that the public policy issues are similar in both cases. In *Wetta*, this court held that Mr. Wetta, "accepted the responsibility of being a parent to A.S. and, as the legislature intended, La. Civ. Code art. 195 prevents him from abandoning his

commitment to A.S. at his own convenience." *Wetta*, 322 So.3d at 374. In the present case, Ms. Franklin signed an acknowledgement certifying that Mr. Shotwell was the father of Aiden and allowed Mr. Shotwell to act as father to Aiden for over nine years following the signing. Ms. Franklin is only now contesting the paternity of Mr. Shotwell to avoid sharing any wrongful death recovery from Aiden's death with Mr. Shotwell.

The legislative intent behind disavowal articles is to protect the child's interest. Louisiana's public policy interests would not be served by allowing a father to accept the responsibility of being a parent during the life of a child only to have paternity stripped away at the hands of a mother for the sole purpose of financial gain for the mother. Ms. Franklin never questioned Mr. Shotwell's paternity over Aiden while the child was alive, nor did she ever attempt to revoke the acknowledgement of paternity. It is only now that a substantial amount of money is at stake that Ms. Franklin comes forward with her claims. In explanation of her egregious delay in seeking to have the acknowledgement revoked, Ms. Franklin stated on multiple occasions that she had not done so before because there was no benefit in doing so. This seems to directly contradict her claims of parental alienation by Mr. Shotwell. If he was abusive and kept her children from her, it would appear very beneficial to challenge Mr. Shotwell's paternity over Aiden to have full custody restored to her. Public policy considerations support following the holding in *Wetta* in the present case.

Although we find Ms. Franklin's action is perempted under La.Civ.Code art. 195 following the rationale of *Wetta*, the trial court did not state this as the grounds for its finding of peremption. In its oral ruling, the trial court first notes the sixty-day period established in La.R.S. 9:406 (A) in which a party to the acknowledgement may revoke without any cause. The trial court then considers Ms. Franklin's

10

allegations of fraud and duress but finds that "it does not clearly set forth anything that makes me think that those acts are that -- were the basis for filing of the acknowledgement of paternity. In fact, it seems like those acts would be the opposite result of -- achieve the opposite result of that." The trial court then addresses revocation on the grounds that the father is not the biological father. The trial court explains that "it seems like the intent of that would be for when the fact that the person is not the biological parent, Mr. Shotwell in this case, is discovered later. . . . It does not seem like it's there for changing your mind. That's the 60 days." The trial court goes on to say,

> The part of the revocation statute dealing with finding out that the person is not the biological parent of the child is in the context of when you find out, not when you go into it with everybody maybe knowing, if I just assumed that for a second.
> So based on that, I'm going to grant the peremptory exception of peremption and assess the court costs to be [sic] petitioner in this matter. . . .

Louisiana Revised Statutes 9:406(B)(emphasis added) provides that after the sixty-day period in section (A), a person may petition to annul the acknowledgment "*only* upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, . . . or that the person is not the biological parent of the child." The trial court found that Ms. Franklin failed to provide sufficient proof that the acknowledgment was induced by fraud or duress, thus she could not petition to annul the acknowledgement on those grounds. The trial court reasons that subsection (B) must be read in conjunction with subsection (A). Given that subsection (A) limits the time period to revoke an act of acknowledgment without cause to a period of sixty days, it follows that cause is required to revoke after that period. Simply changing one's mind is not a cause to revoke an acknowledgement.

Although subsection (B)(1) states that a person may petition to have the acknowledgement annulled after sixty days if the person is not the biological parent,

11

to allow a parent who was aware of this fact when signing the acknowledgement to annul would result in allowing a parent to annul an acknowledgement after the sixty days simply because they changed their minds. This result would go against the mandates of subsection (A). "[C]ourts are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." *Hollingsworth v. City of Minden*, 01-2658, p. 5 (La. 6/21/02), 828 So.2d 514, 517.

The rules of statutory interpretation support the trial court's conclusion that subsection (B)(1) only allows an acknowledgment to be annulled when it is newly discovered that the person is not the biological parent. By Ms. Franklin's petition, she was always aware that Mr. Shotwell was not the biological parent of Aiden and she asserts that Ms. Shotwell was also aware of this fact. As such, she did not state a claim under subsection (B)(1) and her action falls under subsection (A). Accordingly, as subsection (A) provides a period of only sixty days to revoke the acknowledgement and Ms. Franklin's petition was filed over nine years later, her action is perempted.

Concerning Ms. Franklin's assignments of error that the trial court failed to consider her First Amended and Supplemental Petition and attached affidavit, we find that these assignments lack merit. Although the trial court noted that he had not received the amended petition until the day of the hearing, he noted that he had read it, and he references the allegations contained therein. Similarly, Ms. Franklin's assignment of error that the trial court erred in addressing issues of estoppel and unclean hands without hearing testimony also lacks merit. The trial court only mentioned estoppel to say that it was "trying to stay away from the estoppel argument."

12

V.

## **CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to plaintiff/appellant, Amber Leigh Franklin.

**AFFIRMED.**